ROGERS, *appellant*, v. KING and others, *respondents.*

The surrogate by whom letters testamentary or of administration were granted, has concurrent jurisdiction with the court of chancery, to call the executor or administrator to account. The pendency of a suit in chancery therefore, by one creditor for an account, if the suit has not proceeded to a decree, is no bar to a proceeding instituted before the surrogate by another creditor for an account.

But if the same creditor, who has filed a bill in chancery against the executor or administrator for an account, afterwards cites him to account before the surrogate, the pendency of the suit in chancery may be set up before the surrogate, in the nature of a plea in abatement; and will constitute a valid objection to the proceedings there.

After a decree for an account has been made in the chancery suit, for the benefit of all persons interested in the estate of the decedent, such decree will deprive every such person of the right to proceed before the surrogate for an account. And, upon a proper application, the court of chancery, after such decree, will grant an injunction, as a matter of course, to stay all persons from proceeding for an account before the surrogate and to compel them to come in and establish their claims under the decree.

April 7.     THIS was an appeal from a decision of the surrogate of the city and county of New-York. The respondents, who, as the executors of the will of their deceased father, were creditors of the estate of A. Gracie, deceased, cited the appellant, N. Rogers, as the surviving executor of the will of the last mentioned decedent, to account before the surrogate pursuant to the directions of the statute. The appellant appeared before the surrogate and opposed the accounting, upon the ground that A. Hosack and J. Blunt as

executors of A. Hosack, deceased, another creditor of A. Gracie's estate, had filed a bill in this court against the appellant for an account of his administration of the estate of his testator ; to which bill the respondents had been made parties as defendants. And he also produced before the surrogate the proceedings in that suit before the vice chancellor, and the decisions of the chancellor and of the court for the correction of errors in that suit ; as the same are reported in 6 *Paige's Rep.* 415, and in 18 *Wendell's Rep.* 319. The surrogate, however, decided that the appellant was bound to account, notwithstanding the objection ; and he made an order accordingly. From which order N. Rogers, the executor of Gracie, appealed.

*J. I. Roosevelt*, for the appellant.

*J. Blunt*, for the respondents.

THE CHANCELLOR. The surrogate has concurrent jurisdiction with this court to call an executor or administrator to account. And if the same party who files a bill in this court against such executor or administrator subsequently cites him to account before the surrogate, the pendency of the suit here, for the same object, ought to be allowed by the surrogate as a valid objection to the proceeding there ; in the nature of a plea in abatement. And where, in a suit properly instituted in this court, by any other creditor, legatee, or distributee of the estate, a decree for an account has been entered, for the benefit of all the creditors and other persons interested in the estate, such decree may be set up as a bar to any proceeding for an account before the surrogate. And this court, upon a proper application, would grant an injunction, as a matter of course, to stay any creditors or others from proceeding before the surrogate, and to compel them to come in and establish their claims under the decree here. (*Moore* v. *Prior*, 2 *Young & Coll. Rep.* 375. *Paxton* v. *Douglass*, 8 *Ves.* 520. *Perry* v. *Phelps*, 10 *Idem*, 39. *Clarke* v. *Ormond*, *Jacob's*

*Margin:* 1840. Rogers v. King.

*Rep.* 122.) Although the respondents are made parties to the suit against the executors of Gracie in this court, they are parties defendants; and the complainants in that suit, at any time before a decree for account, might deprive them of any benefit thereof by dismissing the bill. In analogy, therefore, to the established right of different creditors to proceed simultaneously, against the executor or administrator, in the same or different courts of equity, until a decree has been made in one of the suits, so that all may come in under the decree, the simple institution of a suit by one creditor in this court is not a sufficient ground for the surrogate to refuse the application for an account before him by another creditor. The decision of the surrogate in this case was therefore correct; and the order appealed from must be affirmed with costs. But as there is now a decree for an account, in the case which was pending before the vice chancellor at the time when these proceedings before the surrogate were instituted, the further proceedings in this matter, except for the collection of those costs, will be stayed of course; and the respondents will be permitted to come in under that decree and participate in the taking of that account before the master.