CHARLES H. MERRITT and another vs. GILES SLOCUM and others.

A County Judge has no power under the code to hear a motion, as such, in an action pending in the Supreme Court.

The 360th section, which provides that "*motions may be made to a judge or justice out of court*" only applies to a judge or justice of the court in which the action is pending.

Where a County Judge made an order under the 152d section of the code, allowing the Defendants to make a supplemental answer in an action in the Supreme Court, *held* void for want of jurisdiction.

*Held*, that the 364th section of the code does not enlarge the powers of the County Judge ; that the object of the section is to prevent that officer from being divested, by implication, of the power he had previously exercised. It merely retains what powers the County Judge had before " except as otherwise provided" in the code itself.

Where the complaint and answer forms an issue of law, which does not bring up the merits of the controversy, and the Plaintiff's attorney, on motion, alleges that through mistake and inadvertence, he omitted to reply to the answer, he will be allowed to do so, (on terms) although the cause has been brought to a hearing before a referee.

*October*, 1848.—This action was commenced by the service of a summons and complaint on the 11th day of September last. The cause of action stated in the complaint is a promissory note made by the Defendants. On the 29th of September the Defendants served an answer, stating that they had delivered to the Plaintiffs to sell on their account large quantities of cotton cloths, which had been sold by the Plaintiffs and not accounted for, and claiming to set off the amount due them for such sales against the note upon which the action was brought. Without replying to the answer, the Plaintiffs, on the 7th of October, entered into a stipulation with the Defendants to refer the case, and the same was brought to a hearing before the referee on the 21st of October. At the time of the hearing before the referee the attorney for the Defendants served on the Plaintiffs' attorney a supplemental answer, and an order made by the county judge of Rensselaer without notice, allowing the Defendants to make such supplemental answer. The Plaintiffs' attorney offered to receive the supplemental answer, and reply to the same forthwith, if the Defendants' attorney would at the same time

allow him to reply to the original answer, which proposition was declined by the Defendants' attorney. The Plaintiffs' attorney then tendered to the Defendants' attorney a reply to the original answer, alleging that the Plaintiffs had made payments and advances to the Defendants on account of the cotton cloths mentioned in the answer, to the full amount thereof, and at the same time offered to pay the costs to which the Defendants might be entitled for resisting a motion for leave to reply. This proposition was also declined by the Defendants' attorney. A motion is now made by the Plaintiffs for leave to reply.

A. K. HADLEY, *for Plaintiffs.*

T. C. RIPLEY, *for Defendants.*

HARRIS, Justice.—The Plaintiffs having omitted to reply to the answer within twenty days, the action was at issue upon the complaint and answer. The allegations in the complaint being uncontroverted by the answer, and the new matter of the answer being uncontroverted by a reply, an issue of law was formed under the second subdivision of the 204th section of the code. Such issue, though an issue of law, might properly be referred under the 225th section. But it appears from the affidavit upon which this motion is founded, that the Plaintiffs' attorney omitted to reply to the answer " through mistake and inadvertence," and he swears that the Plaintiffs' rights and interests require that a reply should be made to the Defendants' answer. Indeed, it appears from the proposed reply itself, which is annexed to the papers upon which the Plaintiffs move, and which is duly verified, that such a reply to the answer is necessary in order to put at issue the real question between the parties. Under these circumstances, the spirit of the provisions of the code in relation to pleadings, require that the plaintiffs, upon some terms, should be permitted so to frame the issue as to present for trial the real merits of the controversy between the parties. If the Defendants' attorney had been regular in his proceedings, he would have been entitled to the costs of resisting the motion, and perhaps of attending before the referee to try the case—but the county judge had no power to make the order allowing the Defendants to make a supplemental answer. The 364th section of the code does not, as has been supposed, enlarge the powers of the county judge. The sole object of that section is to prevent that officer from being divested, by implication, of the power he had previously exercised. It is, therefore, provided that, except where the power of the county judge to make orders in an action in the Supreme Court is taken away or restricted by the code, he shall continue to exer-

cise the same powers with which he was vested at the time the code was enacted. The term "*existing practice*" in the section referred to, and throughout the code, evidently relates to the former practice of the court as distinguished from that adopted by the code. This section merely retains what powers the county judge had before, "except as otherwise provided" in the code itself. In other parts of the code it is provided that a *county judge* may make an order for the arrest of a Defendant—that he may make an order for an injunction in certain cases —that after the return of an execution unsatisfied, the proceedings authorized by the code as supplementary to the execution may be had before him. He has also power to enlarge the time within which any proceeding may be had in an action. These and perhaps other similar powers are expressly conferred upon the county judge by the code. These are the powers referred to in the 364th section as "*conferred upon the county judge by that act*." The 360th section, which provides that "*motions may be made to a judge or justice out of court*," only applies to a judge or justice of the court in which the action is pending. That this is so, is evident from the fact that wherever, in the code, it is intended to confer upon the county judge any power in an action in the Supreme Court, such power is conferred upon the officer as "*County Judge*," and not merely as a judge or justice. The latter terms are indiscriminately applied throughout the code to the justices of the Supreme Court. My conclusion therefore is, that a county judge has no power under the code to hear a motion, as such, in an action pending in the Supreme Court, and that the order made by the county judge of Rensselaer, under the 152d section of the code, allowing the Defendants to make a supplemental answer, is void for want of jurisdiction. The proper disposition of this motion, therefore, is to allow the Plaintiffs to reply to the Defendants' answer and to allow the Defendants the costs of resisting the motion unless they shall, within five days after service of a copy of the order, elect to make a supplemental answer. In that case they are to do so without costs to either party, and the Plaintiffs may reply to the original and supplemental answers together. The pleadings hereby authorized are to be had as of a day anterior to the order of reference so that when the pleadings are perfected the trial may proceed before the referee.

NOTE.—Mr. Justice Parker is understood to concur in this opinion.