## DANA v. WESTERN, Executor, etc.,

*An executor, to whom by the will no authority over real estate was given, who has nevertheless assumed such authority, and received the rents and profits thereof, may be called to account by a creditor of the decedent as trustee.*

*Though such accounting may not be compelled before the surrogate, it can be compelled in this court, in an action properly framed for that purpose.*

*In such case it is not necessary that each creditor should bring a separate action; one may sue for himself and others.*

IN this case the defendant, by the will creating him executor, was vested with power over only the personalty of the testator. He, however, took possession of the real estate and received the rents and profits.

On an accounting before the surrogate, to which the executor was cited by the creditors, he withheld all account of his receipts from the real estate, on the ground that that officer had no jurisdiction.

This action was then brought by this plaintiff in behalf of himself and other creditors, and sought to hold the defendant to account as trustee for the creditors.

To the bill of complaint, which was filed on the equity side of the court, the defendant interposed a demurrer.

*Edmonds, J.:* The principal objection taken by the demurrer seems to be, that the surrogate alone has jurisdiction over the subject-matter of this suit.

This objection is made by the same pleading that admits that on the accounting before the surrogate, the defendant withdrew the account of the rents and profits of the real estate, from the consideration of that officer, because he had no jurisdiction over it.

The effect of this course of proceeding would be, that there would be no means known to our law by which a creditor could reach, in the hands of an executor, the proceeds of real estate which have come to his hands without authority of the will, or the letters testamentary under which he acts.

The jurisdiction of chancery, in matters relating to the administration of assets of deceased persons, has long been established and exercised, and cannot be abandoned, unless expressly taken away by statute. It is founded on the principle of a trust, whose execution it is the peculiar province of a court of equity to enforce, and if we advert to the cases on the subject, we shall find that trusts are enforced, not only against those persons who are rightfully possessed of trust property as trustees, but also against all persons who come into the possession of the property, with notice of the trust. And whoever so comes into possession, is considered as bound, with respect to that special property, to the execution of the trust. (1 Story Eq. Jur. § 533.)

But the jurisdiction goes farther than merely to execute a trust. It exists on other auxiliary grounds, namely, the taking of accounts, the compelling a discovery, and the consideration, that in equity alone can a plain, adequate, and complete remedy be found. (Id. § 534.)

In every aspect, therefore, this court has jurisdiction. If the defendant acted as executor in receiving the rents of real estate, and the avails of wood cut therefrom, he acted in the execution of trust, for which he is accountable in this court.

If he did not have authority so to act, either under the will or his letters testamentary, but has so acted and dealt with

the trust property with knowledge of the trust, he is also accountable in this court.

And in either aspect he is accountable to the plaintiff, whose debt has been established in the proper forum; for to the extent of that debt, defendant was trustee for the plaintiff for any of the testator's property which has come to his hands, and is liable for the payment of his debts.

The other objection taken in the demurrer is equally untenable. It may be, that in a suit against heirs and devisees under the Revised Statutes, each creditor must file his separate bill, and one cannot sue for himself and others, but that is not the case in a proceeding against an executor or administrator. In such case one may sue for himself and others. (*Rogers* v. *King*, 8 Paige, 210; *Butts* v. *Genung*, 5 Paige, 256.)

These considerations are enough to sustain this bill.

Demurrer overruled with costs.