## SUPREME COURT.

CAYUGA COUNTY BANK agt. RICHARD W. WARFIELD.

An application to vacate or modify *an order of arrest*, when made to the judge who granted the order, is a *motion* within the terms of § 401,—an *ex parte* motion, which the judge can grant within the terms of § 324.

But such an application to *any other judge* must be made *to the court, on notice*, in the same manner in which other motions are made.

The legislature never intended to impose upon the judges the duty, or confer the right, to review *at chambers* each others' *ex parte* orders.

*At Chambers, Dec.,* 17, 1856.

Motion to discharge order of arrest made by the Hon. HENRY WELLES, one of the justices of the court.

GEO. F. DANFORTH, *for motion.*
C. HUSON, *for plaintiff.*

E. DARWIN SMITH, Justice.    When I granted the order for the plaintiff to show cause why the order of arrest in this cause should not be discharged, I intimated to the counsel who applied for it that I doubted whether I had any power to hear the application at chambers.

On hearing the parties, the point being discussed, I have come to the conclusion that I have no such power.    Section 204 of the Code is as follows :—

" A defendant arrested may at any time before justification of bail apply, on motion, to vacate the order of arrest or to reduce the amount of bail."

The application to vacate the order of arrest must be by *motion;* and if the Code contained no other provision on the subject, I think the proper construction of this section would be, that the *motion* must be a *special motion to the court.*    But it is urged that inasmuch as § 400 declares that any direction of the court, or a judge, is an order, and § 407 declares that " every application for an order is a *motion*," and § 404 recognizes the authority of a judge to hear motions " out of court," the motion of the 204th section *is* not necessarily confined to special motions in court; but the section is just as well satisfied by a motion at chambers.

Applications to the court, or to a judge, denominated motions, obviously divide themselves into two classes.    One are *ex parte* motions, or applications for an order—such as the judges are accustomed to make at chambers, as orders of arrest, to stay proceedings, to extend time to answer, and the like.    The other class are *special motions*, or applications for an order, made *on notice* to the opposite party, or on an order to show cause.    Unless where the Code expressly provides otherwise,

as in §§ 225 and 247, this last class of motions can only be made *to the court*. The former class are made to any judge at chambers.

Section 324, I think, settles the point to which class of motions the application in this case belongs. It is as follows :—

" An order made out of court, without notice to the adverse party, may be vacated or modified without notice by the judge who made it, or. may be vacated or modified on notice in the manner *in which other motions are made*."

An application to Judge WELLES to vacate this order would be a *motion* within the terms of § 401—an *ex parte* motion, which he might grant within the terms of the foregoing section 324. But an application to any other judge to vacate or modify the order of arrest must be made *on notice, in the manner in which other motions are made:* that is to say, in the way in which motions are made of which *notice* is to be given. Such motions must be made to the *court*.

The legislature, I think, never intended to impose upon the judges the duty, or confer the right to review, at chambers, each others' *ex parte* orders. Such a practice would lead to interminable confusion and disorder. I cannot sanction it by making a precedent in this instance. (*See Hart* agt. *Butterfield,* 3 *Hill,* 456.)

Motion denied.