# SUPREME COURT.

## CORNELIUS L. ANDROVETTE agt. OBADIAH BOWNE and others.

*Orders to show cause*, are not granted as a matter of course, and when the application is presented in the objectionable form of an intermediate *restraining clause*, without security, it should be well considered before allowed.

The Code, as a general rule, requires that a motion shall not be made without a notice of eight days. The court or a judge have the power to prescribe a shorter time, or even dispense with notice altogether; but this power is confined to exceptional cases, and should not be exercised indiscriminately on all occasions, many of them not of urgency, but only of urgent parties.

An unguarded and too free use of the *injunction* power must inevitably lead to its entire suppression.

*At Chambers, May,* 1857.

APPLICATION for an order to show cause why a temporary injunction should not issue.

ROOSEVELT, Justice. The plaintiff, who is the owner of the premises adjoining the Wolfe farm on Staten Island, asks for an *ex parte* injunction to restrain the quarantine commissioners from erecting any hospital buildings or docks on the farm lately purchased by them, and from designating for the anchorage of fever vessels a certain part of the bay, situated about a mile and half distant, and which has been selected for that purpose. Without going into the merits of the plaintiff's application, it is sufficient to say that no case of an immediately pressing character is made—none, at all events, so urgent as to render it proper to dispense with the usual preliminary notice to the adverse party.

Nor are orders to show cause, matters of course. They imply, when granted, at least a partial expression of opinion, which should always be avoided if practicable. They are the more objectionable, too, when accompanied, as is sought in this case, by an intermediate restraining clause, and that with-

out security for any damage which may result from the stoppage, should the complaint afterwards, on a hearing of both sides, turn out to be unfounded.

The Code, as a general rule, requires that motions shall not be made without a notice of eight days; and although the court or judge may prescribe a shorter time, or even dispense with notice altogether, the power, it is obvious, was intended to be confined to exceptional cases, and not to be exercised indiscriminately on all occasions, many of them not of urgency, but only of urgent parties.

The writ or order of injunction is a valuable remedial process. It has been in use for centuries, and in the present state of society its occasional application is as indispensable to the body politic, as certain medical and surgical operations are to the body natural. Like them, however, it requires great caution. An unguarded and too free use of the injunction power must inevitably lead to its entire suppression, a result which, in the course of time, none would deplore more than those who are now so clamorous to bring it about.

Motion denied, with leave to renew it on the regular eight day notice.