## SUPREME COURT.

WILLIAM ROGERS agt. WILLIAM McELHONE and HARRISON McELHONE.

An application under § 204 of the Code, to vacate an order of arrest on *motion,* must be made in the same manner as other motions are made, to wit: a motion to the *court,* and upon sufficient *notice.*

A *county judge* having no power under the Code, to hear a motion as such, in an action pending in the supreme court, has no power to hear a *motion on notice* to vacate an *order of arrest,* granted by him in an action in this court. (*See to the same effect Lancaster* agt. *Boorman, ante, p.* 421.)

*Albany General Term, September,* 1860.

GOULD, HOGEBOOM and PECKHAM, *Justices.*

APPEAL from order of county judge of Sullivan county vacating order of arrest. The facts are sufficiently stated in the opinion of the court.

IRA HARRIS, *for plaintiff.*
JOHN K. PORTER, *for defendants.*

HOGEBOOM, Justice. In this case the county judge of Sullivan county, on papers fully justifying it, granted an order of arrest against the defendants in an action in this court, upon contract, for their fraud committed in the purchase of the property, to recover the price of which the action was brought. Subsequently, upon one day's notice, and upon conflicting affidavits, the same officer *vacated* the order of arrest; objections being made by the plaintiff against his power to do so, and against the sufficiency in length of time of the notice of motion, which objections were overruled by the county judge. The case comes here by appeal from his order vacating the arrest, and the questions discussed arise upon the validity of the said objections.

By § 180 of the Code, " an order for the arrest of the defendant must be obtained from a judge of the court in which the action is brought, or from a county judge."

By § 204 of the Code, " a defendant arrested may at any time before judgment apply *on motion* to vacate the order of arrest, or reduce the amount of bail."

A motion is an application for an order. (*Code,* §401.) An application for an order to vacate an order of arrest is, therefore, a motion. It has been so expressly held to be when made to the judge who granted the order—an *ex parte* motion which the judge can grant within the terms of § 324. (*Cayuga County Bank* agt. *Warfield,* 13 *How.,* 439.) By § 324 an order made out of court, without notice, may be vacated or modified *without notice* by the judge

Rogers agt. McElhone.

who made it, or may be vacated or modified on notice *in the manner in which other motions are made.* The manner in which other motions are made is (1) to make them to the *court,* (or a judge thereof) in which the action is pending; and (2) to make them upon eight days' previous notice, unless a shorter time is by proper authority designated. A county judge is not a judge of the supreme court. He may, by § 403, in an action in the supreme court, exercise within his county the powers of a judge of the supreme court at chambers. Beyond this he has no power in the supreme court, except that conferred specially by some other sections of the Code. I think a judge of the supreme court at chambers has no power to vacate an order of arrest, except where he granted the order of arrest, and upon an *ex parte* application. It has been expressly held that an application to vacate an order of arrest, when made to any other judge, must be made to the *court,* on *notice,* in the same manner in which other motions are made. (*Cayuga County Bank* agt. *Warfield,* 13 *How.,* 439.) I think when the Code says, therefore, in § 204, that an application to vacate the order of arrest may be made on *motion,* that it means in the same manner as other motions are made, to wit: a motion to the *court,* and upon sufficient *notice.* Section 205 contemplates a litigated motion in the ordinary sense, when it says that such a motion may be heard on new or additional affidavits produced by each party. Section 225, which authorizes an application to vacate an injunction to be made on *notice* to a judge of the court, is not inconsistent with, but rather confirmatory of this view, and creates an exception to the ordinary rule. A county judge has no power under the Code to hear a motion, as such, in an action pending in the supreme court. (*Merritt* agt. *Slocum,* 3 *How.,* 309.)

The objection to the sufficiency of the notice seems also to me to be well taken. The Code provides for a notice of eight days, (§ 402) and this length of notice is indipensable,

unless by an order preliminary and antecedent to the service the court or judge has shortened the time. (*Code,* §402; *Merritt* agt. *Slocum,* 6 *How.,* 350; *Androvette* agt. *Bowne,* 15 *How.,* 75.)

Not to discuss the question whether this can be done in any other way than by an order to show cause, nor the question whether the county judge has the power to make such an order, it is sufficient to say that none such was attempted to be made, and the party was compelled to answer the motion upon a one day notice. .

The order to vacate was improperly granted, and should be reversed, with $10 costs of appeal.

PECKHAM, J., concurred in the result of the foregoing opinion.

GOULD, J., dissented.