## NEW YORK COMMON PLEAS.

HARRIET E. CHRISTY, as administratrix of the estate of EDWIN P. CHRISTY, deceased agt. JAMES S. LIBBY, individually and as collector of the estate of EDWIN P. CHRISTY, deceased.

Courts of equity have jurisdiction to call upon executors and administrators to account. Such power was frequently exercised by the late court of chancery, although the surrogate had jurisdiction over such proceedings.

The court of common pleas of the city and county of New York has the same jurisdiction exercised by the late court of chancery in actions, when the defendant resides, or is personally served with a summons, within the city of New York.

The Revised Statutes do not confer on the surrogate *exclusive* jurisdiction over proceedings to compel executors, administrators, or *collectors* to account; an action for such accounting may be brought in the court of common pleas of the city and county of New York.

The *title* is a *part of the complaint,* but the allegations in the *body* of the complaint should control the *title.*

*Special Term, December,* 1867.

Demurrer to complaint.

The complaint alleges that on the 21st day of May, 1862, Edwin P. Christy died intestate; and that on the 22d day of May, 1862, letters of administration upon the estate of the deceased were granted by the surrogate of New York to the plaintiff; that the plaintiff qualified and entered upon the discharge of the duties of her office as administratrix; that afterwards a contest arose before the surrogate as to the right of the plaintiff to be such administratrix, and during the pendency of the contest the defendant was appointed collector of the estate of the deceased by the surrogate; that the defendant entered upon the duties of his office as collector, and

as such took possession of certain goods, chattels, moneys and effects of the deceased. The complaint further alleges that the appointment of defendant was only to continue until it was determined who was entitled to administration; that afterwards the contest was decided in favor of the plaintiff, and a decree duly entered confirming the plaintiff's right to administer upon the estate of the deceased, and to the control and possession of all the personal property of the deceased.

The complaint also alleges that before the commencement of this action the plaintiff had demanded of the defendant the property, moneys and effects of which he became possessed as such collector, and that he account therefor to her as such administratrix; and that the defendant refused to do so.

The complaint further shows that a large amount of said property and effects have been converted into money, and that the defendant fraudulently retains possession thereof, and of all said property and the proceeds thereof; that the defendant has, by neglect and mismanagement, lost a large amount of the personal property and effects of which he became possessed as such collector, and has lost by his omission and neglect a large amount of other personal property to which he was entitled as such collector; to all of which plaintiff, as such administratrix, claims to be entitled.

Plaintiff demands judgment against the defendant, that he account to her for all the personal property, moneys and effects which have come into his possession and to which he was entitled as such collector, that he be ordered and directed to deliver to her, as such administratrix, all the personal property and effects still remaining in his possession; and that he pay to her, as such administratrix, all moneys in his possession and to which he is entitled as such collector; that he pay to her, as such administratrix, the value of all personal property and effects which have been lost through his mismanagement or neglect.

The defendant demurs to the complaint and asserts the following grounds of demurer.

*First.* That it appears upon the face of the complaint that this court has no jurisdiction of the subject of this action; that the defendant was appointed collector of the estate of the deceased by the surrogate of the county of New York, and that the surrogate's court is the proper forum in which to adjust the accounts and control the proceedings of its officers and the persons deriving authority from that court.

*Second.* That several causes of action have been improperly united—one being an action for accounting as collector and special administrator, and the other an action for alleged negligence or mismanagement in conducting a trust whereby the plaintiff seeks to recover the value of personal property and effects alleged to have been lost through the defendant's mismanagement.

*Third.* That the complaint does not state facts sufficient to constitute a cause of action.

AMOS G. HULL, *for defendant, in support of demurrer.*

C. BAINBRIDGE SMITH, *for plaintiff, opposed.*

VAN VORST, J. Executors and administrators are considered as trustees. The defendant, as collector of the estate, appointed by the surrogate during the contest in his court as to the plaintiff's right to administration, stands in relation to the estate as a trustee.

Courts of equity take cognizance of the conduct of executors, administrators and other trustees. (*Blackstone's Com. vol.* 3, 437; *Willard's Equity Jurisprudence, pp.* 88, 490.)

Courts of equity have jurisdiction to call an executor or administrator to account; and the power to summon trustees of this character for this purpose was frequently exercised by the late court of chancery in behalf of creditors, legatees, or distributees of an estate, although the surrogate's court had concurrent jurisdiction over those matters. In

*Rogers* agt. *King* (8 *Paige,* 211) the chancellor says : " This court, upon a proper application, would grant an injunction as a matter of course, to stay any creditor or others from proceeding before the surrogate, and to compel them to come in and establish their claim under the decree here."

The court of chancery would exercise such restraining power from proceeding in the surrogate's court, where a bill had been filed in that court for an accounting,

A court of equity is a tribunal in which not only the personal fitness and conduct of a trustee may be investigated, but in which his administration of the trust property may be overlooked on a charge of waste or devastavit, and he may be ordered to account for the property received by him and to pass and settle his accounts.

A court of equity has always exercised jurisdiction in such cases. It is inherent to it.

The defendant having had only a temporary relation to the estate of the deceased, to be ended so soon as it could be determined who was to be clothed with legal power to take the property as a trustee, was liable to account to the person who should ultimately be appointed as a proper representative.

The collector should account to the party legally appointed as administratrix, for the property, money and assets which has come into his hands while he was collector, and for his management of the trust estate, and for property lost by his management or neglect of duty. A case of this character is a proper subject for the cognizance of a court of equity.

The court of common pleas of the city and county of New York has the same powers exercised by the late court of chancery in all *actions* where the defendant resides or is personally served with a summons within the city of New York. (*Code,* § 33, *sub.* 2 ; *Brown* agt. *Irish Presb. Cong.* 6 *Bosw.* 246.)

As the court of chancery could have entertained jurisdiction of this action, this court may. It is true that the sur-

rogate of New York has jurisdiction to summon this defendant to account, and to oblige him to make an exhibit of his affairs as collector of this estate, and may make a valid decree in the premises on a state of facts such as is set up in the complaint in this action. (*New York Statutes at Large* (*Edmond's edition*) *vol.* 2, *pp.* 229, 230.)

But it was not designed that the jurisdiction of the surrogate should be *exclusive*. There is nothing in the statute which tends to show that the legislature intended to take away from courts of equity their jurisdiction over cases of this character.

In *Seaman* agt. *Duryea* (11 *N. Y. R.* 324) it is said that, " It was the intent of the legislature, in conferring this jurisdiction upon surrogates, to provide an inexpensive and summary process for the settlement and adjustment of the accounts of executors and administrators, and to supersede the necessity of a resort to the court of chancery for that purpose."

All that was meant to be decided in that case upon this point was that a party was not of *necessity* obliged to go into a court of equity in cases of the character designated.

If a party elected, there was a tribunal open to him in which he could take a more summary and inexpensive method than by resorting to the court of chancery. If it had been intended that the surrogate should exercise exclusive jurisdiction, it would have been so stated.

I have no doubt about the jurisdiction of this court to entertain this action. This disposes of the first ground of demurrer.

There is really but one cause of action set up in the complaint.

The matters alleged have relation to the defendant in his character as collector and trustee only.

Defendant is asked to account for what he has received, and for what has been lost through his misconduct and negligence as *collector*. His conduct and administration as trus-

tee, during the time he held the office of collector, is the subject of inquiry. In the title of the complaint he is described "individually," as well as "collector." The title, it is true, is part of the complaint. (*Code*, § 142.)

But the allegations in the body of the complaint should control the title. By them he is sought to be charged as collector, and it is in that relation only that he is brought into court.

It is not claimed that he, otherwise than as collector, has interfered with the property and estate of the deceased. He is not proceeded against as a trespasser.

The last ground of demurrer is involved in the consideration of the first and second.

If the preceding views are correct, the complaint does set up a cause of action.

Judgment for plaintiff on the demurrer, with leave to defendant to answer in twenty days, on payment of costs.