By the Court.—Rapallo, J.
It appears from the affidavits, that the original answer was served after the decision of the motion to modify, though before the service of the order thereon. The decision of the motion terminated the stay contained in the order to show cause, and it was therefore regular to serve an answer at that time.
The service was also within the time given by the original order extending the time to answer. If that order had not been modified, the defendant would have had the right, within twenty days after service of the original answer, to amend it of course, as he did, by adding the defense of the statute of limitations.
If the order modifying the order extending time was absolutely void, for want of jurisdiction in the county judge to make it, the original order extending time remained in force, and the defendant had the same rights which he would have had, if no attempt had been made to modify it.
It is claimed that this modification is void on two grounds. 1. That a judge has no right to prohibit a party from interposing any particular defense. 2. That the order of modification was not made ex-po/rle, but was made on a special motion or notice.
The power of a county judge to make orders in actions pending in the supreme court extends only to such orders as are made out of court and without notice. He has no jurisdiction to hear and decide a contested motion (Code, § 401, subd. 3; §§ 403, 405 ; Merritt v. Slocum, 3 How. Pr., 309; Rogers v. McElhone, 12 Abb. Pr., 292; S. C., 20 How. Pr., 441).
The order in question was made after a hearing of both parties on the return of an order to show cause.
*393 An order to show cause is equivalent to a notice of motion. It merely shortens the notice prescribed by law (Code, § 402).
The order containing the modification recites the order to show cause, the hearing of the arguments of counsel for both parties, and adjudges that the cause shown against the granting of the motion is not sufficient, and thereupon grants the relief moved for. This presents every feature of a contested moiion heard on notice. It was not, therefore, such an order as a county judge had power to make.
It is urged that the county judge could have modified his first order ex-parte, and therefore his hearing of the parties on notice of motion or order to show cause, did not invalidate that which he could have done without such notice or hearing.
That conclusion does not necessarily follow. The power of the county judge is limited to a class of orders which may, according to established practice, be made without notice to the adverse party, and to which the applicant exhibits a right so plain that the judge is willing to grant the order without such notice. But when the case is not so clear, the judge, even though having the power to act on the ex-parte application of one party, may decline to do so, and require notice of motion to be given, or grant an order to show cause. The application then becomes a special motion, and the order made thereon can only be reviewed like other orders made on notice.
In this case, even if it be conceded that the county judge would have had the power to make the modification ex-parte, it must also be conceded that he did not exercise such power, but very justly decided that it was a proper case for a motion on notice, and granted an order to show cause, with a stay of proceedings till the hearing and decision of the motion. Such a motion could only be heard and decided by a judge of the *394 court in which the action was pending. The county-judge not having jurisdiction to hear and decide the motion, his order thereon was void, and the original order extending.the time stood unmodified.
This conclusion renders it unnecessary to pass upon the question raised, as to the power of the court, or a judge thereof, to attach to an order extending time, a prohibition of any legal defense. The wrong, in this particular case, does not consist so much in attaching the condition, as the manner in which it was done. If the county judge, when applied to for the extension, had insisted on annexing the condition, the defendant’s attorney might have declined to accept such an order, and himself verified and served the answer, the time not having then expired. • But by granting the first order, he induced the defendant’s attorney to allow the time to answer, which still remained to him, to elapse, and by the subsequent modification deprived the defendant of any opportunity to interpose his de-' fense. This was an exceedingly strict proceeding, and the powers of the county judge should not be enlarged, by construction, for the purpose of giving effect to it.
The orders appealed from should be reversed.
Chtjech, Ch. J., and Allen and Folgek, JJ., concurred.
Peckham, J., did not sit.
Gboveb, J., was for affirmance.
Order reversed, and motion denied with costs.