CHARLES R. LEWIS AND EDGAR A. VAN HORNE, EXECU-
TORS, ETC., OF THOMAS MALONEY, DECEASED, APPELLANTS,
v. JOHN MALONEY, GENERAL GUARDIAN OF ANASTASIA
MALONEY, RESPONDENT.

*Legacy — action for, pending in Supreme Court, a bar to proceedings before surrogate.*

The respondent commenced an action in the Supreme Court against the appel-
lants, as executors, to recover a legacy alleged to have been left to him by the
will of the appellants' testator. Subsequently, and while such action was pend-
ing, he instituted proceedings before the surrogate requiring the executors to
appear and render their account and pay over to him the said legacy. *Held*,
that the action commenced in the Supreme Court was a bar to the subsequent
proceedings instituted before the surrogate.

APPEAL from a decree of the surrogate of Oswego county direct-
ing the appellants, as executors of Thomas Maloney, to pay over to
the respondent, as general guardian of A. Maloney, a legacy of
$200 bequeathed to her by the testator.

*B. B. Burt*, for the appellants.

*D. P. Lester*, for the respondent.

TALCOTT, J.:

This is an appeal from the order of the surrogate of Oswego
county, directing that the appellants, as executors of the estate of
Thomas Maloney, pay to the respondent John Maloney, as general
guardian of Anastasia Maloney, the sum of $200, left as a legacy to
her by the will of the testator, Thomas Maloney. Before the surro-
gate the executors put in a formal answer to the citation, in which
they state that the petitioner, as general guardian of Anastasia
Maloney, commenced an action in the Supreme Court against the
defendants, as such executors, for the recovery of the same legacy,
in which suit he demands judgment for the said sum of $200, with
the interest and costs of the action, and that the said action is still
pending and undetermined.

And they offer, if the said petitioner will discontinue his said
action in the Supreme Court, then that the proceeding before the

surrogate may be continued; or that, if he will discontinue the proceedings before the surrogate, then that they are willing that the action may proceed and have the rights of the parties determined therein. They also deny a sufficiency of assets to pay said legacy, saying that the estate is invested in bonds and mortgages not yet due. The surrogate overruled the said answer and held, as his order states, that the said answer was not a sufficient defense to the said application. In this we think the surrogate erred.

The Supreme Court has concurrent jurisdiction with the surrogate to enforce the payment of legacies. (2 R. S., 114, § 9.) The surrogate has also the same jurisdiction, and if the same party who commences an action against an executor or administrator, subsequently cites him to account before the surrogate, the pendency of the action in the Supreme Court, for the same object, ought to be allowed by the surrogate as a valid objection to the proceeding before him for the same object.

Where there are two proceedings pending between the same parties for the same object, the proceedings first commenced are a bar to those commenced afterwards. The principle governing such cases is, that if full relief can be had in the one proceeding, or action, no other shall be allowed. (*Rogers* v. *King*, 8 Paige, 210; *Groshon et al.* v. *Lyon*, 16 Barb., 461; in which the case of *Rogers* v. *King* [*supra*] is fully approved.)

The counsel for the respondent insists that there was no evidence offered to sustain the allegations of the answer of the executors, but it does not appear that the allegation of an action pending for the same cause was denied, and, at all events, it does appear that the surrogate held that the matters set up in the answer constituted no defense, wherefore it would have been superfluous to have offered to substantiate them by evidence.

The order of the surrogate of Oswego county appealed from is reversed, with costs to be paid by the respondent personally, and not charged against the legacy.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Ordered accordingly.