## MORSE *v.* SMITH *et al.*

*(Supreme Court, General Term, Fifth Department.   January 22, 1892.)*

SETTLEMENT OF ESTATES—JURISDICTION OF SUPREME COURT.

> In an action by a residuary legatee to compel the executor to inventory certain personal property as assets of the estate, a complaint which simply states that the executor has refused to so inventory it, on the ground that third persons claim it as a gift from testatrix, is insufficient to confer jurisdiction on the supreme court by reason of its general equity powers, but there must be some allegation that full justice cannot be had in respect to the uninventoried property by proceeding in the surrogate's court, on which is conferred jurisdiction of the administration and settlement of decedents' estates by Code Civil Proc. c. 18.  *Miller* v. *Clark*, 11 Sup. Ct. Rep. 300, 138 U. S. 223, distinguished.  *Cass* v. *Cass*, (Sup.) 16 N. Y. Supp. 229, criticised.

Appeal from special term, Wayne county.

Action by Emma C. Morse against V. Moreau Smith, executor, etc., of Emma Herrick, deceased, Helen E. Smith, and Emilie S. Smith, to compel the two last-named defendants to deliver certain personal property to the executor defendant, and to compel the latter to inventory the same as part of his decedent's estate.  From an order for a judgment, and from a final judgment, sustaining defendants' demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*S. K. Williams,* for appellant.   *David Hays,* for respondents.

MACOMBER, J.   The purpose of this action is to compel the defendants Helen E. Smith and Emilie S. Smith to deliver to the defendant V. Moreau Smith, as executor, etc., certain articles of personal property, and to require the latter to include such property as assets of the estate of Emma Herrick, deceased, of whose last will and testament he is the executor; and also to inventory such property as a part of the personal property of the estate of the testatrix, and to make final disposition of such property according to the terms and provisions of such will.   The complaint shows that the plaintiff is one of the legatees under the last will of Emma Herrick, deceased, the latter having died on the 12th day of June, 1890, leaving a will, which is set forth. Such will was admitted to probate on the 13th day of July, 1890, by the surrogate of Monroe county, and letters testamentary thereon were duly issued to the defendant V. Moreau Smith.   It is shown that, at the time of her death, the testatrix owned and possessed diamonds, diamond ear-rings, other jewels and cameos, amounting in all, with certain articles of seal-skin and cashmere wearing apparel, to the sum of $9,800; and that such property came into the possession and under the control of the defendant V. Moreau Smith as executor.   The complaint then proceeds as follows: "That, as plaintiff is informed and believes, said V. Moreau Smith, said executor, willfully and wrongfully parted, or is intending to part, with the possession of said personal property, and delivered the same to the defendants Helen E. Smith and Emilie S. Smith, and that said personal property is now wrongfully in the possession of the defendants Helen E. Smith and Emilie S. Smith.   That said V. Moreau Smith, said executor, has filed his pretended inventory of the assets of the estate of the said Emma Herrick, deceased, but that he has willfully and wrongfully neglected and refused to include said personal property, or any part or portion thereof, in his schedule of assets of said estate, set out in his said inventory, and still neglects and refuses so to do, though often requested and demanded by plaintiff so to do.   That the amount of the inventory of said estate, as now made and filed by said executor, is $75,800.36, or thereabout, as plaintiff is informed and believes; and said inventory does not include any of said articles hereinbefore mentioned; and said V. Moreau Smith, executor, has refused to take possession of the said articles of personal

v.17 N. Y. s. no. 3—25

property, or any of them, and has refused to place the same among the assets of such estate, or to include the same as part of said estate, or become responsible for the same, or account for the same as part of said estate, although often demanded and requested so to do. * * * That said articles of personal property are wrongfully withheld from said estate, as aforesaid, by defendants, and are in danger of being taken by them to their own use, and to the loss of the estate and of plaintiff. That, as plaintiff is informed and believes, the said defendants Emilie S. Smith and Helen E. Smith claim to own the said articles of personal property hereinbefore set forth, and set up as a claim thereto, either as gifts from said Emma Herrick, or by reason of some direction given by her to them, or one of them, authorizing them, or one of them, to betow the same and dispose of the same; and the plaintiff alleges that said claim of said defendants Helen E. Smith and Emilie S. Smith, and each of them, is unfounded and pretended, and without any validity whatever; and that said defendants Helen E. Smith and Emilie S. Smith have no valid claim, nor either of them, nor any right or title to said articles, or to any of them." By the will the testator gave one-half of the residue of her estate to the executor of the will, in trust to invest the same in proper securities, and pay over the income thereof to the plaintiff during her natural life. The defendants separately interposed demurrers to the complaint upon the following grounds: *First,* that the court had not jurisdiction of the subject of the action; and, *second,* that the complaint did not state facts sufficient to constitute a cause of action. Upon the hearing at the special term, the demurrers were sustained upon both grounds, with the conclusion that the defendants were entitled to final judgment thereon dismissing the complaint. From that direction and judgment this appeal is taken.

That the supreme court has jurisdiction of all questions pertaining to estates of deceased persons, in any aspect in which they may arise, admits of no doubt; provided, however, the proper facts are stated so as to enable the court to say that, under its general equity jurisdiction, (Const. art. 6, § 6,) it is its duty in the particular instance to interpose its arm, and supersede the surrogate's court. But, unless such special facts are stated, there is provided by law (chapter 18, Code Civil Proc.) a complete system of procedure for the administration of such estates in the surrogates' courts alone, and unless some allegation is made, when the jurisdiction of the supreme court is invoked, showing that there is likely to be a failure of justice unless the supreme court assumes jurisdiction, the administration and settlement of decedents' estates must be deemed to belong exclusively to the surrogate's court. Pom. Eq. Jur. §§ 348, 349, 1154; *Chipman* v. *Montgomery,* 63 N. Y. 221; *Anderson* v. *Anderson,* 112 N. Y. 104, 19 N. E. Rep. 427.

Among the facts stated in the complaint, there is no allegation that for any reason full justice may not be had in respect to the uninventoried property by the proceeding in the surrogate's court. Taking the allegations of the complaint in their broadest sense, there appears to be nothing alleged which would warrant this court in assuming to wrest the business of the settlement of this estate from the ordinary channels. The remedy is open to the plaintiff to require the executor to file a further inventory, if the first inventory failed to disclose all of the property belonging to the estate. We have given much attention to the elaborate argument made by the learned counsel for the appellant, and to the authorities cited in his brief. The case upon which he so much relies, namely, *Miller* v. *Clark,* 138 U. S. 223, 11 Sup. Ct. Rep. 300, does not appear to us to bear directly upon the question. In that case jurisdiction was assumed by the circuit court of the United States, because it was alleged that the plaintiff was a citizen of another state than that of the defendants. That fact alone conferred jurisdiction upon the federal court. As a court of equity, it had no general jurisdiction for the settlement of decedents' estates. *Broderick's Will,* 21 Wall. 503; *Ellis* v. *Davis,* 109 U. S.

485, 3 Sup. Ct. Rep. 327. In all controversies between citizens of different states, though there be no other ground, the federal court has jurisdiction. *Gaines* v. *Fuentes*, 92 U. S. 10. To this rule executors, administrators, and trustees under wills are not exceptions. *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Childress* v. *Emory*, 8 Wheat. 642; *Rice* v. *Houston*, 13 Wall. 66. We are of the opinion that special facts and circumstances must be set out, in order, under the jurisprudence of this state, to induce the supreme court to take jurisdiction of the settlement of the estates of decedents; and that, there being in this case an absence of any allegation showing that the surrogate's court, in this particular instance, is inadequate, the demurrers were properly sustained by the special term. Our attention has been called by the appellant's counsel to the case of *Cass* v. *Cass*, (Sup.) 16 N. Y. Supp. 229, decided since the argument of this appeal. If the complaint in that action contained no allegation showing the existence of special facts as reasons for taking the accounting out of the surrogate's court,—and of this there appears to be some doubt in the report of the case,—we must, but with great respect for that court, adhere to our opinion. It follows, therefore, that the order and judgment appealed from should be affirmed. Judgment and order appealed from affirmed, with costs. All concur.