## GROSHON and others *vs.* LYON.

Where there are two proceedings pending between the same parties, for the same cause of action, the proceeding first commenced is a bar to the last. And it matters not that the prior proceeding is not an *action*, but was instituted by the *petition* of the party who sets it up as a bar.

Thus where a trustee presented a petition to the court, praying that he might be permitted to render an account of his acts and doings as trustee and have the same passed upon and settled, and that he might be discharged and another person be appointed trustee in his place; whereupon an order was made directing the trustee to render before a referee an account of all *his acts and doings* as trustee, and of his receipts and disbursements; and directing notice of the reference to be given to the adult *cestuis que trust*, and appointing a guardian *ad litem* for the infants: *Held* that this proceeding was a bar to an action by the *cestuis que trust*, against the trustee, in which the relief sought was that the trustee might be removed, and another person appointed; that he might account for all the trust property, and pay over the same, and render compensation in damages for the breaches of trust committed by him.

The principle governing such cases, is, that if full relief can be had in the one suit, no others shall be allowed; and that when an executor or trustee holds a fund subject to the control of the court, and there is a decree that he account, although that decree be not the final decree in the cause, it has such effect that all having any claim on the fund may come in and prove their claims.

And it is the intention of the code now, as it was of the law before, that if there is a *decree* made, under which all persons interested may come in and obtain their rights, effectually, no other action shall be allowed.

THIS was an appeal by the plaintiffs from an order made at a special term, denying their motion to set aside the report of a referee and for a new trial. The action was brought for the purpose of having the defendant removed as trustee of certain property in which the plaintiffs claimed a beneficial interest, and another person appointed in his place; and the complaint prayed that the defendant might account for all the trust property received by him, or which he might have received if he had performed the trusts according to the directions concerning the management thereof, together with interest thereon, and might pay over the same to such person as the court might direct; and that he might render the plaintiffs compensation in damages for the breaches of trust committed by him.

16  461
61h 464
16  461
84h 475
16b 461
16ap488
16b 461
38ap374
38ap375
16b 461
59ad268

The defendant in his answer, stated, (among other things,) that on the 5th February, 1848, he made application to the court, (among other things,) to render an account of his acts as trustee, and to have his accounts settled; that an order was made referring it to Philo T. Ruggles, referee, to state the accounts of the defendant, and appointing William J. Sinclair guardian *ad litem* of such of the plaintiffs as were infants. That proceedings were commenced before the referee, under this order; the plaintiffs, who were of age, appeared by William W. Scrugham, their counsel; the infants by their guardian *ad litem;* that the proceedings were still undetermined before the referee; " that *the adult plaintiffs* have there raised the same question *as to the investment of the trust fund,* as is presented by the complaint in this action;" and that all matters complained of in this action, and all parties thereto, were before the court in that proceeding, for adjustment and determination, and where they were properly cognizable and relievable, which the defendant insisted on, in bar of this action.

. The referee, to whom the cause was referred, reported that all the objects sought to be attained by the complaint in this action might be secured by the proceedings under the trustee's petition; and that such proceedings were a bar to this action.

*W. N. Dyckman* and *B. F. Butler,* for the appellants.

*A. Hamilton, jun.,* for the respondent.

*By the Court,* MITCHELL, J.   Augustus Van Cortlandt, the elder, died in 1823, leaving a last will and codicils.   In the last codicil, Augustus Van Cortlandt the younger was appointed trustee for Mrs. Meyer and her children.   He died, leaving those trusts unexecuted, the fund amounting to about $23,500.   In November, 1840, on the petition of Mrs. Meyer, Mr. Lyon was appointed trustee under the last codicil.   The property of Augustus Van Cortlandt the younger, and of his brother Henry, consisted principally of real estate, and proceedings were had in chancery for its partition and for the payment of debts.   In that

Groshon *v.* Lyon.

partition suit Mr. Lyon as such trustee made application to the court for leave to purchase part of the real estate on behalf of the *cestuis que trust,* and he was authorized by the court on the 19th of September, 1842, to purchase five houses and lots on Franklin street, provided the purchase should not be made at a price beyond the valuation made by Stephen Whitney and J. Phillips Phœnix. He made the purchase accordingly, and thus invested so much of the trust moneys as was equal to the purchase money, in this real estate. On the petition of Francena Meyer, the mother, Mr. Lyon was appointed trustee in other respects, and was authorized to buy in like manner, as trustee, an amount not exceeding one-fifth of the real estate in the partition suit, and to hold the part declared by the decree to belong to the infant children of Mrs. Meyer, in trust for the children, subject to her life estate therein. In February, 1848, Mr. Lyon presented his petition, setting forth substantially the above facts; that Mr. Meyer was dead, and two of the children then of age, and praying that he might be permitted to render an account of his acts and doings as such trustee, and have the same passed upon and settled; and that he might be discharged from the trusts, and that another person might be appointed trustee in his place.

On the 5th of February, 1848, an order was made on that petition, referring it to Philo T. Ruggles Esq. to take proof of the facts, &c. stated in the petition, and directing due notice of the reference to be given to Mrs. Meyer and the adult children, and appointing a guardian *ad litem* for the infants, in that proceeding; and ordering Mr. Lyon to render before the referee an account of all *his acts and doings* as trustee, under the above mentioned orders, together with an account of all his receipts and disbursements as such trustee. And the referee was to report whether it would be proper to appoint a new trustee.

The plaintiffs are the infant children of Mrs. Meyer, and they filed their complaint in March, 1849, against the defendant. In his answer the defendant set up the above mentioned proceedings on his petition to account, and the order thereon, as a bar to this action. To ascertain whether the two proceedings are for the

same cause of action, it is proper to look at the prayer in each, and see if the same relief can be given in each.

The complaint sets forth the appointment of Mr. Lyon as trustee, and states the amount of money due by Augustus Van Cortlandt, the younger, as trustee; that $28,108 were paid into court as due to that trust fund, and that Lyon alleges that he had invested this money in the five houses, at $30,000. The complaint insists that Mr. Lyon had no legal authority so to invest it; and that the valuation of the real estate made in the petition for leave to invest in real estate, was exaggerated. And then the complaint demands that the defendant may be removed and another trustee appointed in his place; that he may account for all the trust property received by him, or which he might have received if he had performed his trust according to the directions concerning the management thereof, and may pay over the same to such person as the court may direct; and that he render compensation in damages for the breaches of trust committed by him; and for further relief.

These plaintiffs were necessary parties to be brought in on the accounting ordered upon Mr. Lyon's petition; and although Mrs. Meyer was also such a party, that in no wise put them to any disadvantage in proceeding under that order, nor limited their rights. When a trustee, on his own petition or otherwise, is ordered to render an account of his actings and doings, and to have the same passed upon and settled, and that another trustee be appointed in his place, (as is ordered here, on Mr. Lyon's petition,) the questions necessarily to be passed upon, among others, are, whether the investments of the trust fund, made by him, were legally authorized, and then, that he account for all the trust property received by him, or which he might have received if he had performed his trust according to the directions concerning the management thereof, and that he pay over the same to such persons as the court may direct, and render compensation in damages for the breaches of trust. These last constitute the relief sought by the complaint. The same relief therefore is sought by the complaint that is ordered expressly or impliedly in the order made on Mr. Lyon's petition, and can

be obtained on that order. In the proceedings on the petition, the petitioner merely states his case, and that in such general terms merely as may suffice to show that he is entitled to an account, and the opposite parties can then, without any formal pleading, set up any objection to his accounts and show any illegality in them. It makes no difference, therefore, that the plaintiff alleges certain illegalities; as they could be proved in the proceedings on the petition also. There are then two proceedings pending, for the same cause of action, and in both of which the same relief is sought and obtainable, and in one of which there is an order equivalent to the *judgment* to account, in an action for an account, namely, in the first proceeding; and in that, as the evidence shows, these plaintiffs have also been present by their counsel and guardian ad litem before the referee, contesting the account. It certainly would not be for the interest of infants or cestuis que trust generally to have a formal action commenced and running on *pari passu* with a prior order on their trustee to account, obtained on his own petition. The trustee should not be subjected to two litigations; nor the infants to the double expense of these proceedings. Notwithstanding this, the plaintiffs insist that the prior proceeding was no bar to their subsequent action.

Section 144 of the code specifies, among other causes of demurrer, " that there is another action pending between the same parties, for the same cause ;" and section 147 allows the same objection to be taken by answer, when it does not appear upon the face of the complaint. It was contended by the plaintiff that this objection could only be raised when the previous proceeding was an action, as defined by the code, and when the same person was plaintiff in both proceedings. As to the last part of the objection, the language used in section 144, shows that such was not the intention. It is not "an action pending *by the same plaintiff* against the same defendants," as it should have been, to sustain the objection; but "an action pending *between* the same parties." It is *between* the same parties, although those who are actors in one action are the defendants in the other. Such also was the rule, in some cases at least,

before the code. If a bill were filed by one or more creditors of a deceased person, against the executor or administrator, either singly for themselves or specially on behalf of themselves and all other creditors, and the usual decree to account were made against the executor or administrator, the decree and the suit were then regarded as for the benefit of, and to control, all the creditors. All might come in and prove their debts, and any creditor attempting to sue the executor or administrator, at law, would be enjoined from proceeding in his suit. The decree *quod computet* was sufficient for this purpose; and it was not necessary that there should be a *final* decree. (*Thompson* v. *Brown*, 4 *John. Ch. Rep.* 643.) And the relief could be granted on motion, without a separate bill for that purpose. (*Paxton* v. *Douglas*, 8 *Ves.* 520. *And see Perry* v. *Phelps*, 10 *Id.* 39.)

The principle recognized by the court of chancery in these cases was, that when there was a decree in one cause, though not final, and under it the rights of all parties interested in a fund could be protected, it would not allow those who had charge of the fund to be persecuted by numerous suits, nor the fund to be squandered in litigation; and the rule was applied to persons who were not parties to the first suit, and at the instance of the defendant in that first suit. So, as soon as a decree is made in a suit brought by a creditor of a limited partnership, after its insolvency, proceedings may be stayed in any suit instituted by any other creditor, although the last creditor is no party to the first suit; *if no other relief could be had in his suit than could be had under the decree already made.* (*Innes* v. *Lansing*, 7 *Paige*, 584, *and cases there cited.*)

Thus the great principle is, that if full relief can be had in the one suit, no others shall be allowed; and that when an executor or trustee holds a fund subject to the control of the court, and there is a decree that he account, although that decree be not the final decree in the cause, it has such effect that all having any claim on the fund may come in and prove their claims, however they may be founded. The cases quoted contain nothing contrary to this. In the *Earl of Newburgh* v. *Wren*, (2 *Vern.* 220,) the mortgagee was allowed to file his bill to fore-

Groshon *v.* Lyon.

close, although the mortgagor had previously filed a bill to redeem. This was exceedingly proper; for if the mortgagor's bill were withdrawn, or dismissed, still the mortgagee was entitled to the relief which he sought, and which in fact he would not get on the first bill. In *Reeve* v. *Dalby,* (2 *Sim. & Stu.* 464,) it was held that a prior suit by husband and wife, in relation to her separate property, could not be pleaded in bar of a subsequent suit by the wife and her next friend. This was because the first suit was regarded as the husband's *only,* and the last as the *wife's* properly; and there was *no general decree* to account, for the benefit of all interested in the fund.

But in *Rogers* v. *King,* (8 *Paige,* 210,) while it was held that one creditor might sue the executor, in chancery, for an account, and another creditor cite him before the surrogate to account, and each might proceed before the two tribunals at the same time, until there was a decree to account; yet, that as soon as that decree was made in chancery, the proceeding before the surrogate, by the other parties, should be stayed. And the decree might be set up as a bar to any proceeding before the surrogate for an account. And the chancellor also held that if the *same* party filed a bill in equity against the executor, for an account, and afterwards cited the executor before the surrogate, to account, the pendency of the suit in chancery should be allowed by the surrogate, in abatement of the proceeding before him, even *before* the decree to account.

The converse of the rule thus laid down, would also hold. If there were a *decree* before the surrogate, to account, it would be a bar to any proceeding for an account in the court of chancery, in all cases where full relief could be had before the surrogate. This case answers another objection, also; that to bar an action, the prior proceeding must be an action. The proceeding before the surrogate is not an action; and it must be the intention of the code now, as it was of the law before, that if there is a *decree* made, in which all interested may come in and obtain their rights effectually, no other action shall be allowed. This was a right which the trustee had before—a defence which he could make—and there is nothing in the code to

take it away. The code may not mention it as a defense, but that does not take it away. It does not state that it shall be a defense, or a ground of demurrer, that the plaintiff has already a judgment for the same cause of action, in his favor. Yet, unquestionably, that is a valid defense. So here, this defendant substantially sets up that these plaintiffs have a judgment or decree already against him, giving them all the right to compel him to account that they could have in this action. It makes no difference in effect, that that judgment to account was made on his motion, or on petition, and not by bill. It is equally binding on him; and after it was once made, he could not withdraw from it. It became a decree for these plaintiffs, and the trustee could not, after that, vacate the decree and withdraw his petition to account. (See *Clowes* v. *Van Antwerp,* 4 *Barb.* 416.) In this view of the case, it is not material whether the guardian for the infants was at first properly appointed or not. After the order to account, the infants could come in and get a guardian ad litem appointed. The appointment also was good until it was vacated; and when vacated, another guardian was appointed. So an attachment and levy on property might formerly be pleaded in abatement or bar of a subsequent action, and could still be, although an attachment is not an action, any more than a petition is. The same word must sometimes have different meanings, according to its different applications; and it would be proper to hold, in order to carry out the spirit of the code, that " the action pending between the same parties," mentioned in the 144th section of the code, was any proceeding in which the rights of the plaintiff in the last suit would be fully protected, whether it were strictly an action, an attachment, or citation before a surrogate, or a proceeding in court founded on a petition.

It has been shown that when there is a general decree to account, it affects all interested in the fund; and still one or more suing in another action, will be restrained. It is immaterial that they alone are plaintiffs in their suit. In such cases it is not necessary, to constitute a bar, that the action or both actions or proceedings, are between the same parties, as it

may be before decree. It is immaterial, therefore, that ˙Mrs. Meyer is not a party to this action, and is a party to the proceedings on the petition.

The judgment of the special term is affirmed, with costs.

[New-York General Term, October 3, 1853. *Edmonds, Edwards, Mitchell, Roosevelt* and *Morris,* Justices.]

