WILLIAM LOONEY *vs.* JOHN LOONEY.

Essex. November 4. — 17, 1874. AMES & DEVENS, JJ., absent.

A case was sent to an auditor to state the accounts between the parties. Upon the return of his report, an amended declaration which was relied on before the auditor, the defendant's answer and declaration in set-off, and the plaintiff's answer thereto, were all filed in court on the same day. The case was then recommitted to the auditor to find whether the questions raised by the answer to the declaration in set-off had been passed upon in the former report. *Held,* that it was to be inferred that the amended declaration was filed by leave of court.

Where a case was heard by an auditor upon an amended declaration, and at the trial a motion of the plaintiff to amend his declaration by adding a new count was refused, it was *held* that the plaintiff had no ground of exception.

An item in a declaration on an account annexed was for amount paid on land The case was sent to an auditor, who reported that the plaintiff offered evidence

tending to prove a settlement between the parties whereby it was agreed that the defendant owed the plaintiff a certain sum on the house and land, but the auditor found that no such settlement was made. In the Superior Court the plaintiff moved to amend by adding a count as for a balance found due on accounting together. The amendment was not allowed. The plaintiff then offered evidence of the facts set forth in the amendment as evidence under the first item. *Held*, that the evidence was rightly rejected.

On the coming in of an auditor's report, an amended declaration which was relied on before the auditor, the defendant's answer and declaration in set-off, and the plaintiff's answer thereto, were filed together. At the trial the plaintiff asked the court to rule that the declaration in set-off was not filed in season. *Held*, that this request was rightly refused.

Under the Gen. Sts. *c.* 130, § 17, a set-off is a matter of pleading, and is governed by the rules relating thereto.

A. having an insurable interest in a house owned by B. took out a policy of insurance on it against fire in B.'s name, and as agent for B. received the money from the insurance company on the destruction of the house by fire. *Held*, that an action would lie by B. to recover this sum of A. without a previous demand, and that the testimony of A. was not admissible in defence to show that he intended the insurance to apply to his own interest.

CONTRACT on an account annexed, the first item of which was, " To amount paid on land, $407."

At the trial in the Superior Court, before *Wilkinson*, J., the plaintiff put in the report of an auditor, from which the following facts appeared : In August, 1864, the defendant, who is the son of the plaintiff, purchased one half of a house, with the land under and adjoining the same, on Broad Street in Salem, for $400, (the plaintiff owning and occupying the other half,) and took a deed thereof in his own name. The plaintiff paid $30 of the purchase money, and $7 for stamps and recording the deed, and the defendant paid the rest. The defendant, at that time, was employed in another state, and it was agreed between the parties that the plaintiff should take charge and have the use of the house, make the necessary repairs, ·pay the necessary expenses, and take the rents, until the defendant should wish to occupy it. Under the agreement the plaintiff took charge, made certain repairs, paid the taxes, let the house and received the rents. About the time of his taking charge, he took out a policy of insurance in the name of the defendant for $500, and paid the premium. The house was destroyed by fire in 1865, and the plaintiff received on the policy, as the defendant's agent, the sum of $500.

The auditor found that there was due the plaintiff, on the first item, the sum of $37, and that the plaintiff owed the defendant the sum of $500, less the premium, and that there was a certain sum due the defendant on his declaration in set-off.

The auditor also reported that it was contended by the plaintiff, and he offered evidence tending to prove, that there was a settlement between the parties in the spring of 1865, whereby it was agreed by them that the defendant owed the plaintiff $277 on the house and land purchased in 1864; and that he found that there was no settlement as claimed, and that the defendant did not agree that the sum of $277 was due on the house from him to the plaintiff. At the request of the plaintiff's counsel, the auditor stated the account, as it would stand if such settlement had been made; the first item of which was, " To amount paid on land, $277."

The plaintiff at the trial moved for leave to amend his declaration by adding a count for $277, as for a balance found due to the plaintiff, upon accounting together; but the judge refused to allow the amendment. The plaintiff then offered himself as a witness to testify to the facts set forth in the amendment, and offered this evidence under the first item in his bill of particulars; but the judge refused to allow him so to testify, in the absence of such amendment.

Other facts and the rulings of the judge appear in the opinion. The jury returned a verdict for the defendant on his declaration in set-off, and the plaintiff alleged exceptions.

*C. Sewall*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

WELLS, J. The case had been submitted to an auditor. Upon the coming in of his report, an amended declaration, which appears to have been relied on before the auditor, was placed on file. At the same time the defendant's declaration in set-off, and the plaintiff's answer thereto, were also filed. The report was then recommitted to the auditor " to find if the questions raised by the answer to the declaration in set-off were passed upon in his former report; " who reported that they were so passed upon.

From this statement we think it is to be inferred that the amended declaration was filed by leave of court; although it does not so appear upon the copies brought up to us. The whole trial

proceeded upon that declaration, and there is no exception on the ground that it was not properly before the jury.

At the trial the plaintiff moved for leave again to amend his declaration by adding a count " as for a balance found due to the plaintiff upon accounting together." This was refused; and we think rightly, at that stage of the case. Besides, it was a matter of discretion with the court below, and not open to exception.

That count being disallowed, the evidence of facts to support it would of course be inadmissible. There was no allegation to which it would apply. It could not properly be received to sustain the declaration upon an account annexed for the item, " amount paid on land." It would have been a variance.

The auditor's report having been put in, the plaintiff asked the court to rule that the set-off was not filed in season. The court ruled that the objection was not then open to him. This ruling was right. Further than that, as the set-off was pleaded in answer to the plaintiff's amended declaration, and was filed at the same time, it was in strict compliance with Gen. Sts. c. 130, § 16; St. 1852, c. 312, § 37. At the time of the decision in *Adams* v. *Butts*, 16 Pick. 343, cited by the plaintiff, the law required the set-off to be filed seven days before the trial, and then allowed it to be given in evidence on the general issue pleaded to the plaintiff's declaration. No other pleading was required, and the objection that the set-off was not seasonably filed could be made only when the evidence in support of it was offered. Sts. 1784, c. 28, § 12; 1793, c. 75, § 4. It is now a matter of pleading, and governed by the rules relating to pleading. Gen. Sts. c. 130, §§ 17, 18.

The court ruled, in accordance with the request of the plaintiff, that his expenditures for his own benefit, upon the house of the defendant, with his approval, while the plaintiff occupied and had charge of it under his agreement with the defendant, gave the plaintiff an insurable interest in it, although he did not own the property; but refused to permit him to prove, by his own testimony, that his purpose, in obtaining insurance in the name of the defendant, was to secure himself for money so expended. This refusal was right. Such a policy of insurance would cover and apply to the interest of the defendant only, and would not cover the plaintiff's interest, whatever may have been his own purpose in obtaining it.

The plaintiff asked the court to rule:

1. That the defendant's set-off is not upon a contract express or implied.

2. That there was no such mutuality or privity, either in law or fact, between the plaintiff and defendant in relation to the matter of insurance, as to enable the defendant to recover of the plaintiff the amount received by him upon the policy.

As a proposition of law, neither of these can be maintained, if there was any evidence proper to go to the jury to show that the plaintiff took out the policy in behalf of the defendant with his authority or subsequent approval, or received the money as his agent. The auditor's report alone is sufficient for this purpose. It is *primâ facie* evidence, and nothing appears to control it. The receipt and possession of money belonging to another is itself sufficient for an action for money had and received upon the promise to repay it implied by law, and creates sufficient privity.

The objection that the defendant could not maintain his set-off without first making demand is equally unfounded. Demand was not necessary. It does not appear to have been other than an ordinary claim for " money had and received."

*Exceptions overruled.*