IN THE MATTER OF THE ESTATE OF ANDREW HOOD, DECEASED.

*Final accounting — an executor may be compelled to account after having rendered one final account — when the pendency of an action in the Supreme Court to charge the sureties of an executor will not prevent his being compelled to account before the surrogate.*

By the will of the deceased the petitioners were not to receive their share of his estate until they became of age. In 1869, and while they were still minors, the executors rendered their final account, and by the decree entered in the proceedings then had, they were directed to hold the balance in their hands, including the shares of the petitioners, pursuant to the powers and directions contained in the will.

*Held,* that upon the petitioners coming of age they were entitled to compel the executors to appear before the surrogate and render an account of their proceedings.

Upon the hearing before the surrogate it appeared that before the making of the application to him an action had been commenced in the Supreme Court by other beneficiaries under the will against the executors, in which they alleged the default and insolvency of the executors, and sought on the latter ground to compel their sureties to make good the loss the estate had sustained. To that action the petitioners were made parties defendant. The Court of Appeals had reversed a judgment recovered in that action and held that the sureties could

not be made liable until the failure of the executors to comply with a decree of the surrogate had been shown.

*Held*, that as it appeared that the petitioners could not obtain in that action the relief to which they were entitled, its pendency was not a bar to their instituting proceedings to compel the executors to account before the surrogate.

APPEAL from a decree of the surrogate of Westchester county requiring the appellant to render an account of his proceedings, as executor of the last will and testament of Andrew Hood, deceased, since the 8th day of December, 1868.

*Edward P. Wilder*, for Frederick Hood, executor, appellant.

*Roe & Macklin*, for William Hood and Annie Hood, the petitioners, respondents.

CULLEN, J. :

It was no sufficient answer to the petition for account, in 1881, that there had been a final accounting in 1869. A final accounting is not necessarily the last to be made. Final accountings may be had, from time to time, whenever there is anything to account for. (*Glover* v. *Holley*, 2 Bradf., 291.)

By the will these petitioners were not to have their shares of the estate until they became of age. Two of them have recently arrived at age. On the accounting of 1869, nothing was ordered to be paid over to the petitioners, but the executors were decreed to hold and invest the balance in their hands pursuant to the powers and directions contained in the will. Certainly these petitioners are entitled to have an account from the executors of what moneys are now due and payable to them under the will.

On such accounting the accounting of 1869 may be put in evidence. If conclusive on the petitioners, it will establish the basis from which the new accounting will proceed. If the fact is shown that the petitioners are not bound by the accounting, then the proceeding will go back to the time when the executors first entered upon their trust. But that question does not occur at this stage of the proceeding. The fact of the lapse of time since the first account, and the fact that two of the petitioners are now to receive their shares of the estate, justifies the relief asked.

It is objected that, after the final accounting of 1869, the appellant became a testamentary trustee instead of an executor, and could only be proceeded against in the former ·capacity. The decision of the Court of Appeals in *Hurlbut* v. *Durant* (Alb. Law Jour. [vol. 25], p. 315) is cited in support of this claim. The report gives a mere abstract of the decision, and we have not been furnished with the opinion. But we regard the decision of the same court in *Hood* v. *Hood* (85 N. Y., 561), as settling the law on the subject, at least for this controversy and these litigants, adversely to the appellant's claim. (See opinion at page 571.) Nor do we think the action in the Supreme Court, brought by other beneficiaries under this will against the appellant for an account, and to which these petitioners were made parties defendants, a bar to this proceeding. That action is still pending undetermined, a judgment rendered therein at Special Term having been reversed in the Court of Appeals.

It may be conceded that the general rule is, as claimed by the appellants, that where there are two proceedings pending between the same parties for the same cause of action, the proceeding first commenced is a bar to the latter, and this although the same persons are not plaintiffs in both proceedings. (*Groshen* v. *Lyon*, 16 Barb., 461.) But the rule is subject to this limitation, recognized in all the cases, that full relief can be obtained in the first proceeding. (*Geery* v. *Webster*, 11 Hun, 428; *Rogers* v. *King*, 8 Paige, 210; *Groshen* v. *Lyon*, *supra*.)

The record produced before the surrogate shows that the action was brought to establish the default of the executor, and, on the allegation that he was insolvent, to charge his sureties with such default. On appeal the Court of Appeals held that the action could not be maintained against the sureties of the executor; that the liability of such sureties must be fixed by a failure of their principal to comply with the decree of the surrogates. It thus appears that the petitioners cannot obtain in the equity action the full relief afforded them in this proceeding. They did not institute that defective form of proceeding, but were brought into it as defendants. Therefore this case comes within the exceptions to the general rule, and the proceeding can be maintained.

Any relief the appellant may desire, to prevent being oppressed by

a double litigation, can be obtained by a motion for a stay in the equity action. But certainly the rights of these petitioners should not be impaired, or their enforcement even delayed, by the action of the other beneficiaries beyond their power to prevent.

The order appealed from should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Order affirmed, with costs.