Ingraham, J.
The counter-claim set up in the answer alleges a breach of warranty, and demands an affirmative judgment against the plaintiff for the *786 sum of $800. The reply to such counter-claim alleges that a prior action is pending undetermined for the same cause of action alleged in said counter-claim, between the same parties, in this court, and to that reply the defendant demurs. By section 495 of the Code it is provided that a plaintiff may demur to a, counter-claim upon which the defendant demands an affirmative judgment, 'where it appears on the face of the counter-claiin “that there is another action ipending between the same parties for the same cause. ” If, therefore, it had appeared in the allegation constituting this counter-claim that a prior action was pending for the cause of action alleged as a counter-claim, the plaintiff could have demurred to the counter-claim. By section 514 it is provided that where the answer contains a counter-claim the reply may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counter-claim. I think it is clear that facts which, if they appeared on the face of the counter-claim, would make the counter-claim demurrable, and defeat the cause of action set up as a counterclaim, when they do not so appear are new matter constituting a defense to the counter-claim; for it would be absurd to suppose that the legislature intended that a fact appearing oh the face of the counter-claim should defeat the counter-claim, but should not defeat it where that fact did not so appear, but was alleged in the reply. The rule was different where the cause of action was alleged in the answer by way of set-off, and not by way of counter-claim; and the case of Naylor v. Schenck, 3 E. D. Smith, 137, applied the rule to the defense of set-off, and not to a counter-claim. It is settled in this court that a plea of another action pending between the same parties, for the same cause, is a good defense to the action, (Groshon v. Lyon, 16 Barb. 462;) and under the provisions of the Code above cited I think it is also a defense to a counter-claim for which an affirmative judgment is demanded. The cases cited by defendant have been examined, but so far as they are inconsistent with the rule before stated they should not prevail against the express language of the Code cited. The demurrer should therefore be overruled, and judgment ordered for plaintiff, with costs, with leave to defendant to withdraw the demurrer within 20 days on payment of costs.