### DOLBEER v. STOUT. (No. 2.)

*(Superior Court of New York City, General Term.  January 11, 1892.)*

COUNTER-CLAIM—ACTION PENDING.

As a cause of action which is the subject of a pending suit cannot be set up as a counter-claim in a suit by defendant therein on a claim arising out of the same transaction, (Code Civil Proc. § 495, subd. 3,) it is no ground for dissolving an attachment that, at the time the claim in suit was assigned to plaintiff, an action was pending by defendant against plaintiff's assignor growing out of the same transaction, for the recovery of a much larger amount.

Appeal from special term.

Action by Frazier M. Dolbeer against John Stout, in which an attachment was issued. Defendant appeals from an order denying his motion to vacate the attachment. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

*Thos. J. Farrell,* for appellant. *Edw. S. Clinch,* for respondent.

GILDERSLEEVE, J. This is an appeal from an order denying defendant's motion to vacate an attachment. The motion is made on affidavits, setting forth that at the time the cause of action was assigned to the plaintiff herein another action was pending in the supreme court, in which the defendant herein was plaintiff, and the assignors of the plaintiff herein were defendants, for damages growing out of the same transaction from which the cause of action herein arose; and that, therefore, there was a counter-claim existing against the plaintiff's assignors, at the time of the issuing of the attachment herein, for an amount in excess of the claim in the case at bar, as in supreme court action the claim was something over $19,000, while in the case at bar the amount claimed is less than $5,000. The plaintiff, as the assignee of the claim, stands in exactly the same position as his assignors would have stood had they not assigned the claim, but been themselves the plaintiffs in this action. If a counter-claim existed against plaintiff's assignors at the time of the assignment of the claim to plaintiff, the latter took the claim subject to that counter-claim. See section 502, Code. Had the assignors been the plaintiffs in this action, instead of their assignee, could the defendant have set up the demand, which constitutes the cause of action in the supreme court case, as a counter-claim in this action? We think not. Section 495 of the Code especially provides, in subdivision 3, that if it appears on the face of the counter-claim, demanding an affirmative judgment, that there is another action pending between the same parties for the same cause, the counter-claim would be demurrable; and, if that fact should not appear on the face of the counter-claim, it could, nevertheless, be made available as a defense in the reply. See *Ansorge* v. *Kaiser,* (Sup.) 3 N. Y. Supp. 785. It therefore appears that the defendant could not set up a counter-claim in this action, even if the assignors were the plaintiffs, instead of their assignee; and certainly, if the defendant has no counter-claim against the plaintiff's assignors, he certainly has none against the plaintiff himself, the assignee of the claim. Since the defendant could not avail himself of his demand against the plaintiff's assignors as a counter-claim in this action, the order appealed from must be affirmed, with $10 costs and disbursements. All concur.