VIRA CORNELL, Respondent, *v.* SEYMOUR W. BONSALL, Appellant, Impleaded with PRECIOUS WOODS HANDLING COMPANY and Others, Defendants.

Second Department, February 21, 1917.

Pleading — abatement by another action pending in which plaintiff counterclaimed for same cause — plea of abatement not available where full relief cannot be obtained in prior action — principal and agent — accounting.

If the same person voluntarily and unnecessarily plead as a counterclaim a cause of action, and thereafter pleads the same cause in a separate action against the same defendant, the plea of another action pending is available to his adversary.

The pendency of an action by the defendant in the form of a declaration in set off is as good a reason for an answer in abatement to a subsequent action upon the same claim as is the pendency of an original and independent suit for the same cause of action.

But where in a suit to compel a defendant to account as to moneys intrusted to him as agent of the plaintiff, it is alleged that he made unauthorized and unratified investments principally in the stock of certain corporations controlled and used by him for the purpose of his own business, and that said investments were not made in the interests of the plaintiff, but for the use and benefit of the defendant, with the knowledge and through the collusion of said corporations, which are made parties defendant, and in a prior action by the defendant against the plaintiff in which the latter pleaded this cause of action as a counterclaim, said corporations were not made parties, the defense of abatement is insufficient because full relief cannot be obtained in the first action.

Under the circumstances the plaintiff was clearly entitled to sue for an accounting.

APPEAL by the defendant, Seymour W. Bonsall, from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of October, 1916, denying his motion for judgment on the pleadings, consisting of a complaint and amended answer.

*Adam K. Stricker* [*Abraham Benedict* with him on the brief], for the appellant.

*Frank A. Gaynor,* for the respondent.

JENKS, P. J.:

The defendant Bonsall relies upon abatement by another action pending. The plaintiff contends, first, that a rule as stated in *Westminster Church* v. *Presbytery of N. Y.* (211 N. Y. 214, 219) is decisive, in that the court say, by the chief judge: " As to the plea that another action is pending for the same cause, it appears that in the action thus mentioned the Trustees of the Presbytery are the plaintiffs while the Westminster Presbyterian Church of West Twenty-third Street is the defendant. To render such a plea available the other action must be one in which the present plaintiff is the plaintiff and the present defendant is the defendant. ' If the party who interposes such defence is a plaintiff in such other action, it is no defense, although for the same cause.' (*Walsworth* v. *Johnson*, 41 Cal. 61.) ' The very foundation of such a defence is the maxim " *Nemo debet bis vexari*," etc.; and manifestly this can have no application when the first suit is brought, not by, but against, the person who is the plaintiff in the second action.' (Id.) "

The question now presented was not up in that case for decision. It is true that the present plaintiff is not the plaintiff in the former action, for in that action the present defendant as plaintiff sues for a balance due for moneys expended by him as agent and manager of defendant's affairs, and the present plaintiff, as defendant, pleaded general denial, and as a *defense and counterclaim* the allegations made by her in this action. And she prayed, not only for a dismissal of the plaintiff, but also that he account for and return to the defendant all moneys and property received from defendant or in defendant's behalf, and for any other appropriate relief.

The precise question, then, is this: If the same person voluntarily and unnecessarily plead, as a counterclaim, a cause of action and thereafter plead the same cause in a separate action against the same defendant, is the plea of another action pending available to his adversary? The vexation does not arise from the form but the fact of the double pleading. It is as much vexation whether the same person plead the one cause twice as plaintiff, or whether he plead it once as plaintiff and again as defendant but so pleading as if a plaintiff.

Now, when a defendant pleads a counterclaim, he virtually pleads it as a plaintiff.° In *Fettretch* v. *McKay* (47 N. Y. 426) the court, speaking of a counterclaim, say: "It is not a defence. There is a distinction between a counter-claim and a defence. (Code, § 149, sub. 2.)* It is an affirmation of a cause of action against the plaintiff in the nature of a cross action, and upon which the defendant may have an affirmative judgment against the plaintiff." Essentially, such vexation is caused by the dual affirmative actions by the one person against the same adversary. This proposition involves the idea that such a person is the plaintiff, and to term him "plaintiff" is accurate terminology for the purpose of the statement of a general rule; but to limit the rule so that it cannot apply unless the actor be a formal plaintiff is to deny the reason of the rule.

I do not, then, interpret the language of the court in the *Westminster Church Case* (*supra*) as contrary or contradictory to this conclusion. The application of the principle is recognized in *Groshon* v. *Lyon* (16 Barb. 461, 465), where the court pointed out that section 144 of the Code of Procedure showed that the rule was not confined to a case where the same person was plaintiff in both proceedings, inasmuch as the language of the section was not an action pending by the same plaintiff against the same defendants, as it should have been to sustain the objection, but an action pending between the same parties. It is between the same parties, although those who are the actors in one action are the defendants in the other. Section 488 of the Code of Civil Procedure, that has supplanted the said section 144 of the Code of Procedure, is in the same language (Subd. 4 superseding subd. 3): "That there is another action pending between the same parties, for the same cause." In *Matter of Hood* (27 Hun, 579) the court, per Cullen, J., say: "It may be con ceded that the general rule is, as claimed by the appellants, that where there are two proceedings pending between the same parties for the same cause of action, the proceeding first commenced is a bar to the latter, and this although the same persons are not plaintiffs in both proceedings. (*Groshon* v.

* See Code Proc. § 149, subd. 2; now Code Civ. Proc. § 500, subd. 2.
— [Rep.

*Lyon*, 16 Barb. 461.)" The reversal of the *Hood* case in 90 New York, 512, did not affect this statement, and the case is cited as authority in *Consolidated Fruit Jar Co.* v. *Wisner* (38 App. Div. 375). *Groshon* v. *Lyon* (*supra*) is cited as authority upon the point now under discussion, in *Foote* v. *Bruggerhof* (84 Hun, 475); *Cass* v. *Cass* (61 id. 464); *Matter of Mott* (36 id. 569); *Consolidated Fruit Jar Co.* v. *Wisner* (*supra*, 374, 375). (See, too, *Ansorge* v. *Kaiser*, 22 Abb. N. C. 305, that contains the cogent reasoning of INGRAHAM, J.) In 1 Corpus Juris, 74, it is said: "It is a good plea in abatement that in a prior suit plaintiff in the second suit, defendant in the first, has actually filed or pleaded a set-off or counterclaim for the same cause of action, unless such set-off or counterclaim is unavailable in the prior suit." Among the authorities cited is *Demond* v. *Crary* (1 Fed. Rep. 480); *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* (208 Mass. 593). In the last-named case the court, per KNOWLTON, C. J., say: "The declaration in set-off, filed under the provisions of the R. L. c. 174, is a statement of an action in favor of the defendant for the amount claimed in the declaration, and in substance and effect it is, in most particulars, like the bringing of an independent suit to recover the sum alleged to be due. *Looney* v. *Looney*, 116 Mass. 283, 286. *Green* v. *Sanborn*, 150 Mass. 454. *Squier* v. *Barnes*, 193 Mass. 21, 24. The pendency of an action by a defendant, in the form of a declaration in set-off, is as good a reason for an answer in abatement to a subsequent action upon the same claim, as is the pendency of an original and independent suit for the same cause of action. This has been held in different cases. It rests on sound principles, and we know of no decision to the contrary. *Pennsylvania Railroad* v. *Davenport*, 154 Penn. St. 111. *Demond* v. *Crary*, 1 Fed. Rep. 480. *Woody* v. *Jordan*, 69 N. C. 189, 197. *Banigan* v. *Woonsocket Rubber Co.*, 22 R. I. 93. *Snodgrass* v. *Smith*, 13 Ind. 393. *Lock* v. *Miller*, 3 Stew. & P. 13."

I am of opinion, however, that the order should be affirmed. The theory of the action is that the plaintiff is entitled to an accounting by the defendant as to moneys intrusted to him as agent of the plaintiff, of which moneys, or of some of them, it

is alleged he made unauthorized and unratified investments, principally in the stock of certain corporations. It is alleged that the defendant absolutely controls such corporations as the principal owner of the capital stock thereof, and in fact that they are but his creatures, used for the purposes of his own particular business. It is alleged that the investments were not made in the interest of the plaintiff, but in order to appropriate the moneys for the use and benefit of the defendant through these corporations, and that the property was thus employed with the knowledge of said corporations and through the collusion of them with the defendant. It also alleged that the defendant used a considerable sum of money to purchase land from himself. It is alleged that the defendant became the stepfather of the plaintiff while she was a little child; that thereafter the defendant acted *in loco parentis* towards her; that plaintiff's mother died when plaintiff was nine years old, and that thereafter she regarded the defendant as if her father, and extended to him her trust and confidence, while he in turn exercised parental authority and care towards her; and that such was the relation until 1915. It is alleged that in 1913, when she became of age, her property was transferred to her and to the defendant, and that on that day defendant obtained possession and control of the property by reason of her trust and confidence in him and in her reliance upon his word that he would properly care for the property for her. It seems to me that she is entitled to sue for an accounting upon the principle declared in *Marvin* v. *Brooks* (94 N. Y. 71). In this present action the plaintiff has made these corporations defendants, while the former action pending was confined to the present defendant and the present plaintiff. She was entitled to bring them in with the defendant. (See *Donnelly* v. *Lambert*, 62 App. Div. 189; *Metropolitan Trust Co.* v. *Stallo, No. 2*, 166 id. 657; affd., 215 N. Y. 710; Perry Trusts [6th ed., Howe's], § 877; *McBride* v. *McIntyre*, 91 Mich. 406, 408.) These corporations do not appear as innocent and, therefore, are not within the doctrine announced in *Palmer* v. *Stevens* (100 Mass. 461). The learned counsel for the appellant says that if his client prevails in the other case it never will be necessary to try out the case against the corporate defendants, and "If 'uo be

unsuccessful and judgment goes against him, the plaintiff herein may then proceed with this action against the corporate defendants and for any money or funds which they may have received improperly from Bonsall, they may be compelled to account to the plaintiff." Even so, the question is, if the present plaintiff as the defendant in the other action prevail upon her counterclaim, can she in that action proceed against the said corporations, strangers to that suit, as if they were parties? In *Matter of Hood (supra)*, CULLEN, J., for the court, says as to the rule of bar because of a former action pending: "But the rule is subject to this limitation, recognized in all the cases, that full relief can be obtained in the first proceeding," citing cases. (See, too, *Groshon* v. *Lyon, supra,* 466; *Hatch* v. *Spofford,* 22 Conn. 484.) In *Massachusetts Mut. Life Ins. Co.* v. *Chicago & A. R. Co.* (13 Fed. Rep. 857, 860, cited in *Chicago, B. & Q. R. Co.* v. *Weil,* 183 id. 961), HARLAN, J., at Circuit, said: "These pleas relate to the pendency in this court of a prior suit instituted by Bond, as trustee for the present complainant, against these two defendants and others. I am of opinion that the facts averred in those pleas are insufficient to bar this suit. It may be, as it is averred to be, that the Bond suit is for the same matters and for the like relief and purposes against Mitchell and the Chicago & Illinois River Railroad Company as the present suit. But it is not inconsistent with the pleas that the complainant in this suit seeks as against other defendants (some of whom are also defendants in the Bond suit, and some of whom are not parties thereto) relief not asked in or embraced by the Bond suit. If the relief asked in this suit is materially different from, or more comprehensive and extended than, that asked by the Bond suit,— that is to say, if the present suit embraces more as to parties and subject-matter than the Bond suit,— although the relief asked as to Mitchell and the Chicago & Illinois River Railroad may be identical in the two suits, the court does not perceive how the pendency of the first can be a bar to the prosecution of the last suit. So far as the present suit in respect to these two defendants is identical with the former suit, it may be (assuming that the Bond suit is really in the interest or can be controlled by the present complainant)

Second Department, February, 1917.    [Vol. 176.

that pending this, the further prosecution of that suit should be prevented by an order of the court. This because it is quite certain, upon the facts alleged in the pleas, that the final decree in this cause will be a conclusive adjudication of the matters involved in the Bond suit. These pleas are, for the reasons given, held to be insufficient to bar this suit."

I advise affirmance of the order, with ten dollars costs and disbursements.

THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.