JOHN ZURLICK, Plaintiff, *v.* ANTONIO STANKUS and Another,
Defendants.

Supreme Court, Columbia County, July 6, 1925.

Election of remedies — nature and requisites — commencement of prior
action for recovery of money loaned bar to subsequent action for con-
version of same funds — action not required to be prosecuted to judg-
ment to constitute election of remedies — allegation of defendants that
there is pending prior action between same parties for same cause is
plea in abatement and improper — failure of defendants to allege plea
in bar does not preclude claim plaintiff made election of remedies
where fact proven without objection — complaint dismissed — com-
mencement of action competent evidence on question of conversion —
verdict for plaintiff set aside as against weight of evidence.

The commencement of a prior action to recover money alleged to have been loaned
the defendants is a bar to a subsequent action against the same defendants for
the conversion of the same funds, for the reason that plaintiff by bringing the
first action on contract, though he never prosecuted it to trial or judgment,
elected and chose his remedy. An action need not be prosecuted to judgment
in order to constitute an election of remedies.

Though defendants set up a plea in abatement in their answer that there is a
prior action pending between the same parties for the same cause, although
there is no such action pending, and have not pleaded in bar that the plaintiff
made an election of remedies, the plaintiff's complaint should be dismissed, for
the fact of an election of remedies was proven without objection.

Evidence of the commencement of the action brought on the theory of a loan
was competent in this action on the question of conversion.

Moreover, the verdict for the plaintiff should be set aside as against the weight
of evidence, since it appears that though he claimed he delivered the money
to the defendants under an agreement that the title to a farm should be taken
in the names of the defendants and himself, but that the defendants took title
in their names only, the testimony of credible and disinterested witnesses indi-
cates that he did not want title to the property taken in his name.

MOTION to set aside verdict for plaintiff in action for conversion.

*H. Monell Herzberg* [*John C. Tracy* of counsel], for the plaintiff.

*Sherwood B. Speed* [*Samuel Coffin* of counsel], for the defendants.

COFFEY, J.:

This is an action in conversion. It is brought by plaintiff to
recover the sum of $2,300 (amended on the trial to $2,100). He
alleges that that sum was delivered by him to the defendants for
the purchase of a farm in Columbia county the title to which
was to be taken in his name and in the names of the defendants.
The plaintiff is the husband of the defendant Magdeline Alexandria
Zurlick; and the defendant Antonio Stankus is her brother. The

title to the farm was taken in the names of the defendants only. It was purchased on September 16, 1921, and was paid for in cash. The purchase price was $8,000, of which the defendant Stankus paid $3,200, both defendants raised $1,800 on a mortgage given to a third party, and the remainder, $3,000, was obtained from two special deposit bank books standing in the names of the plaintiff and his wife, Magdeline Alexandria Zurlick. The plaintiff sought to prove that he had an interest in those bank books to the extent of $2,100.

Plaintiff claims that on August 5, 1922, he discovered that his name was not on the deed. On August 28, 1922, he commenced an action against the defendants for the sum of $2,100, alleging in his complaint that he had loaned that sum of money to the defendants on or about the 14th day of September, 1921. That action has never been prosecuted to a trial nor to a judgment.

On or about July 23, 1923, he commenced this action. His attorney in this action is not the attorney who brought the first action. The parties in both actions are the same, but the causes of action are different. The first action is on a loan; the second is on a conversion. In this action the jury have awarded a verdict to the plaintiff for the amount claimed.

The decision of the motion made at the close of the whole case to dismiss the complaint was reserved until after the verdict. After the verdict a motion was made to set it aside. Both motions are now to be decided.

As a defense and as a bar to this action the defendants plead the prior action still pending between the same parties " for the same cause of action."

The motion to dismiss the complaint was made upon the ground, among others, " that there is another action pending for the same money, and on the further ground that the plaintiff having, by the bringing of the first action on contract, elected and chosen his remedy, that he thus waived the tort."

The plaintiff urges that by virtue of rule 107 of the Rules of Civil Practice the defendants in not moving on the complaint and an affidavit showing the existence of the prior action between the same parties waived that defense and cannot now be heard to assert it. The rule provides: " Within twenty days after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, * * * on the complaint and affidavit stating facts tending to show: * * * 4. That there is another action pending between the same parties for the same cause."

If it had appeared on the face of the complaint that there was another action pending between the parties for the same cause

the objection would have been waived unless taken by motion. (Civ. Prac. Act, § 278.) The purpose of the section was to prevent the claiming of dilatory pleas and pleas in abatement unless claimed, before trial.

It will be observed that rule 107 says that a " defendant may serve notice of motion for judgment dismissing the complaint." There is nothing in the rule which declares what shall follow his failure to do so. The plaintiff claims that the defendant *must* serve such notice to take advantage of the defense, and if he fail to do so he loses that defense.

I am of the opinion that where the defect does not appear on the face of the complaint the defendant may set it up in his answer as a defense, or he may move for judgment as provided by rule 107. It is not necessary, however, to decide that question in this case. The rule applies only where it is shown " That there is another action pending between the same parties for the same cause."

That is not this case. There is not another action pending between the parties to this action for the same cause. The prior action is an action on contract, for a loan. This action is an action in tort, for a conversion. The plea that there is another action pending between the same parties for the same cause is a plea in abatement. The plea that the plaintiff by a prior action between the same parties has made an election of remedies is a plea in bar.

The defendants have not alleged as a plea in bar that the plaintiff made an election of remedies by bringing the prior action on the loan. They have made the plea in abatement that there is pending a prior action between the same parties for the same cause, which is not true.

While it has been held that " Where there are two proceedings pending between the same parties for the same object, the proceedings first commenced are a bar to those commenced afterwards " (*Lewis* v. *Maloney,* 12 Hun, 207), I do not believe that it was intended in that case to hold that the defendant must, therefore, plead the first proceedings as a bar instead of making a plea in abatement. The prior proceedings, if pleaded, would *bar*, that is to say, would *prevent* the prosecution of the second proceedings. One of the authorities upon which that decision was made is *Groshon* v. *Lyon* (16 Barb. 461), and the language quoted is almost verbatim with that in the syllabus in the latter case. But an examination of the opinion in the latter case shows that the court did not make any such decision. It held simply and clearly that where the prior action had gone to a *judgment* or *decree* then it is a bar to a subsequent action. And, of course, the decree or judgment could

be pleaded as a bar. The decision in *Rogers* v. *King* (8 Paige, 210), cited as the other authority in the *Lewis* case, is to the same effect. (See, also, 1 C. J. 48, § 43; Id. 49, § 44.) The defendants, therefore, have made a plea in abatement that there is a prior action pending between the same parties for the same cause, although there is no such action pending, and have not pleaded in bar that the plaintiff made an election of remedies. Failing to make the plea in bar, can they now claim that the plaintiff did make an election of remedies? I think they can. Although not pleaded, it was proven, and proven without objection. Even if not pleaded as a bar the fact of the bringing of the prior action would be competent evidence. (*Marston* v. *Swett*, 66 N. Y. 206.) It would bear upon the question as to whether or not the defendants had converted plaintiff's money, in view of the fact that plaintiff himself had alleged in the prior action that he had loaned the money to them. When the plaintiff brought the first action he was aware of all the facts concerning his alleged claim. His bringing of that action constituted an election of remedies. And it was not necessary in order to consummate the election to prosecute the action to judgment. (*Conrow* v. *Little*, 115 N. Y. 387.)

I hold that the plaintiff elected his remedy when he brought the first action on contract for the loan, and that he thereby waived his remedy, if he had any, for the alleged conversion. And I grant the motion for the dismissal of the complaint.

The verdict was against the weight of evidence. The plaintiff to establish that there was a conversion of his money alleged and attempted to prove that it was agreed that the title to the farm should be taken in the three names, and that he delivered the money to the defendants for that purpose, but that they took the title in their two names only. The foundation of his claim, therefore, is that he delivered the money to them for a specific purpose which they failed to carry out. The testimony of credible and disinterested witnesses is that he did not want the title taken in his name. Waydelis, the real estate broker who effected the sale, testified that in the negotiations leading to the sale the plaintiff said: " I got no money; I got no money or business; I buy no farm; Stankus buy it and his sister." Louis Martin, the husband of the owner of the farm, testified that in the conversation had with plaintiff, the defendant Stankus, and Waydelis, in respect of the sale of the farm, the plaintiff said he did not have any money, he was going to put his wife's money in.

And Mr. Speed, the attorney who represented the defendants in the transaction, and who represents them in this action, testified: " I directed a general question to either of the people I had been

talking to, as to who was buying the place, and Mr. Zurlick volunteered the information that his wife and Mr. Stankus were buying the place, so I prepared the contract in their names."

The motion to set aside the verdict is granted.

Let judgment be entered accordingly.