■ ANDREW S. USZENSKI, JR., et al., Respondents, v MOTOROLA, INC., Appellant, et al., Defendants. — In an action to recover damages under theories of negligence, breach of warranty and strict products liability, defendant Motorola, Inc. appeals from so much of an order of the Supreme Court, Orange County (Green, J.), dated July 1, 1981, as denied that part of its motion which was for an order of preclusion. Order affirmed, insofar as appealed from, with $50 costs and disbursements. As further information becomes known it shall be disclosed by plaintiffs in a further bill of particulars. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ HARRY P. WHITNEY, Respondent, v ANDREA R. WHITNEY, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 6, 1982, as, upon reargument, denied her motion pursuant to CPLR 3211 (subd [a], par 4) to dismiss the plaintiff husband's action on the ground that there was another action pending between the same parties for the same relief. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and motion to dismiss the action granted. In January, 1975, the defendant wife commenced an action against her husband in New York County, for support. In April of 1975 an order was made awarding plaintiff temporary support and a counsel fee *pendente lite*. The husband thereafter answered, asserting a counterclaim for divorce on the ground of abandonment. This he was entitled to do. (See, e.g., *Pilot v Pilot*, 6 Misc 2d 651, affd 4 AD2d 1020.) A reply to the counterclaim was subsequently submitted on behalf of defendant. However, no further action by either party appears to have been taken from that time until the present. In November of 1981, plaintiff commenced the instant action in Suffolk County for divorce and annulment. Before service of the complaint, defendant moved to dismiss, asserting that the New York County support action and divorce counterclaim constituted a prior pending action under CPLR 3211 (subd [a], par 4). Plaintiff opposed the motion, claiming, *inter alia*, that the first action had terminated. In support of his position, he referred to the last notation in the New York County Clerk's minutes, which is dated October 23, 1975 and reads "Order Sp. 5 Withdrawn". Plaintiff claimed that on that date the parties reached agreement on the issue of support and terminated the action. Special Term denied the motion on the ground that the prior action had been "insufficient to institute an action for divorce or separation." We reverse. Where a party voluntarily pleads a counterclaim in one action only to later seek the same relief against the same party in a second action, the latter action is subject to dismissal on the ground of another action pending. (*Cornell v Bonsall*, 176 App Div 798, 800-801; see, also, *Westminister Presby. Church of West Twenty-third St. v Trustees of Presbytery of N. Y.*, 211 NY 214, 219-220.) At oral argument of this appeal, counsel for plaintiff conceded that the first action had not been terminated, but was, in fact, still pending. Hence, this action should be dismissed. Titone, J. P., Brown, Niehoff and Boyers, JJ., concur.