■ HARRY P. WHITNEY, Respondent, v ANDREA R. WHITNEY, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 6, 1982, as, upon reargument, denied her motion pursuant to CPLR 3211 (subd [a], par 4) to dismiss the plaintiff husband's action on the ground that there was another action pending between the parties for the same relief. By order dated May 24, 1982, this court reversed the order, insofar as appealed from, on the law, and granted the motion to dismiss on the ground that such a pending action did exist where, in a 1975 action for support brought by defendant wife, plaintiff husband had counterclaimed for divorce, defendant wife had submitted a reply to the counterclaim, but thereafter no action was taken by either side in that proceeding (*Whitney v Whitney,* 88 AD2d 659). This court determined that where a party voluntarily pleads a counterclaim in one action, only to later seek the same relief against the same party in a second action, the later action is subject to dismissal on the ground of another action pending (*Cornell v Bonsall,* 176 App Div 798, 800-801; *Westminster Presbyt. Church of West Twenty-third St. v Trustees of Presbytery of N. Y.,* 211 NY 214, 219-220). By order dated September 9, 1982 the Court of Appeals reversed our

order, and remitted the case to us for a review of the facts and the exercise of discretion, if appropriate, stating that CPLR 3211 (subd [a], par 4) vests a court with broad discretion in considering whether or not to dismiss an action on the ground that another action is pending, and that, therefore, it had been error to reverse, on the law, Special Term's exercise of discretion (57 NY2d 731). Order of the Supreme Court, Suffolk County, dated January 6, 1982, reversed, insofar as appealed from, with $50 costs and disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Special Term, having incorrectly found that the earlier New York County action was not a prior pending action within the meaning of CPLR 3211 (subd [a], par 4), never exercised its broad discretion under that statute in the first instance, and therefore, the case is now remitted to it for the exercise of its discretion. Titone, J. P., Brown, Niehoff and Boyers, JJ., concur.