■ ROGER B. DEBERARDINE et al., Respondents, v ROCKLAND ELECTRIC COMPANY, Appellant.—In an action for an injunction and to recover damages for an alleged breach of an oral agreement, the defendant appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated August 28, 1987, which granted the plaintiffs' motion for a preliminary injunction, and, in effect, denied its cross motion to dismiss the complaint.

Ordered that the order is reversed, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The plaintiff Roger B. DeBerardine, an attorney, and his wife, are the owners of property located in Upper Saddle

River, New Jersey. At the time they purchased the property in 1969, the defendant maintained a power line across the property in accordance with an easement it acquired in 1963 from the plaintiffs' predecessor in interest. The easement was obtained for "the purpose of constructing, maintaining and operating electrical transmission lines, together with the right to trim [and] cut the trees * * * as may be necessary for the proper operation and maintenance of said system". The trimming of the trees continued until June 1987 when the defendant notified the plaintiffs that maintenance of the easement would thereafter involve the removal of several trees from the plaintiffs' property.

At the time this action was commenced on or about July 8, 1987, the plaintiffs had already brought an action in Federal court and in the Superior Court of New Jersey, Bergen County. In the action in the Superior Court of New Jersey the plaintiffs were directed to bring their claims before the New Jersey Board of Public Utilities (hereinafter the board) which they did on June 22, 1987. On July 17, 1987, the plaintiffs' application for injunctive relief was denied on the ground that the Uniform Right of Way Management Program provides for the removal of trees which impinge on the defendant's lines. The plaintiffs' motion for reconsideration was denied by the board. The plaintiffs are appealing the board's determination in New Jersey.

It was error for the Supreme Court to have denied the defendant's motion to dismiss the complaint. Contrary to the plaintiffs' assertions, we find that the other actions instituted by them were against the same defendant as that involved in the instant proceeding (see, Sunshine Coal Co. v Adkins, 310 US 381; Schultz v Boy Scouts, 65 NY2d 189). The board was acting in a judicial capacity, and thus, conclusive effect should have been given to its findings (see, Ryan v New York Tel. Co., 62 NY2d 494; Gilberg v Barbieri, 53 NY2d 285; Board of Educ. v New York State Human Rights Appeal Bd., 106 AD2d 364).

After examining the facts in this action, we conclude the board's denial of the injunction gave rise to a res judicata and full faith and credit defense against this subsequent application for an injunction (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.13). The plaintiffs had a full and fair opportunity to contest the board's determination (see, Ryan v New York Tel. Co., supra; Gilberg v Barbieri, supra; Board of Educ. v New York State Human Rights Appeal Bd., supra).

Moreover, the complaint should have been dismissed under

CPLR 3211 (a) (4) since other actions involving the parties seeking the same relief were pending at the time this action was commenced *(see, Whitney v Whitney,* 57 NY2d 731, *on remand* 92 AD2d 935; *Thompson v Mary Immaculate Hosp.,* 60 AD2d 912; *cf., Flintkote Co. v American Mut. Liab. Ins. Co.,* 67 NY2d 857).

We would also note our displeasure with the plaintiff, Roger B. DeBerardine, an attorney, for his lack of candor in complying with CPLR 2217 (b). His failure to fully apprise the Supreme Court of the other actions pending permitted him to initially succeed in his attempt to forum and Judge shop and to engage in precisely the conduct which the doctrines of-full faith and credit and res judicata are designed to prevent.

In light of our findings, we do not reach the defendant's remaining contentions. Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.